**UNITED STATES of America, Plaintiff,**

v.

**Deil Otto GUSTAFSON, Defendant.**

Cr. No. 3–81–96.

United States District Court,
D. Minnesota,
Third Division.

July 20, 1984.

---

## ORDER DENYING MOTION

DEVITT, District Judge.

Defendant Gustafson has this day submitted to me, through the United States Probation officer, material supportive of a Rule 35 motion through which Gustafson asks to be spared incarceration for crimes committed in exchange for making substantial financial support for social services for homeless street people.

The law does not authorize probation conditioned upon a charitable contribution. The statute, 18 U.S.C. § 3651, does authorize the court to grant probation in limited circumstances and to require a defendant to "make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had." But it is clear from the legislative history of the statute and the decided cases that the court is without authority to grant probation conditioned on a charitable contribution. *Clovis Retail Liquor Association*, 540 F.2d 1389 (10th Cir. 1976); *Karrell v. United States*, 181 F.2d 981 (9th Cir.1950). The General Counsel of the Administrative Office of the Courts wrote a definitive memorandum on the issue in June 1978 in which he held that the statute does not "legally invest any power in a court to order restitution in the form of a payment to a third party charity which is not the party aggrieved by the crime for which the defendant was charged and convicted."

It is clear the law does not permit an exchange of money for jail time albeit a pressing social need may thereby be served. And that is as it should be. It would be a travesty upon the principle of "equal justice for all" if the rich were permitted to trade dollars for liberty when the poor could not.

Defendant Gustafson's Rule 35 motion is DENIED.