UNITED STATES of America,
Plaintiff-Appellee,

v.

Steven Wayne TYLER,
Defendant-Appellant.

No. 84–3078.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 1985.

Decided Aug. 7, 1985.

Robert C. Weaver, Portland, Or., for plaintiff-appellee.

Hollis K. McMilan, Asst. Federal Public Defender, Portland, Or., for defendant-appellant.

Before WALLACE and SNEED, Circuit Judges, and CROCKER *, District Judge.

---

* Honorable M.D. Crocker, United States District Judge for the Eastern District of California, sit- ting by designation.

---

**SNEED, Circuit Judge:**

Tyler pleaded guilty to one count of conspiracy to commit timber theft in violation of 18 U.S.C. § 371. He appeals the judgment of the district court placing him on probation on condition that he repay the government the amount the stolen timber declined in value between the time of his arrest and the time of sentencing. He also contests the district court's order that he pay costs of prosecution. We reverse the district court's restitution order, but decline to reach Tyler's challenge to the cost order.

## I.

### FACTS AND PROCEEDINGS BELOW

Tyler and two others were arrested in the act of stealing timber from the Siskiyou National Forest. The three had cut a Port Oxford Cedar tree into logs and had attempted to deliver the logs to a nearby lumber mill. No federal charges were brought until a year later. In the interim, the government retained the timber.

Charged with timber theft in violation of 18 U.S.C. § 641 and conspiracy to commit timber theft in violation of *id.* § 371, Tyler pleaded guilty to conspiracy pursuant to a written plea agreement. The district court suspended all but thirty days of Tyler's sentence and placed Tyler on probation for five years.

As a special condition of probation, the court ordered Tyler to pay the government $1,006.86 as restitution. The court derived this figure from a presentence report which indicated that the timber had declined in value from $10,708.30 at the time of theft to $7,687.70 at the time of sentencing; the figure chosen represents Tyler's pro rata share of the resulting loss of $3,020.60. The court also ordered that Tyler pay the cost of prosecution in an amount that was to be determined later.

## II.

### RESTITUTION

The district court based its restitution order alternatively on 18 U.S.C. §§ 3651 and 3579. Tyler maintains that neither statute authorizes the district court's award. We agree.

### A. *Section 3651*

Section 3651 authorizes the district court to suspend the imposition or execution of sentence and place the defendant on probation "upon such terms and conditions as the court deems best." As a condition of probation, the court may require the defendant "to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had." The question presented is whether Tyler's offense caused the government's loss.[1]

The government asserts that it is entitled to restitution because Tyler's conduct forced it to designate the timber for sale at a time of depressed timber prices. But for Tyler's action, the government maintains, the tree would still be standing today. True, it *might* still be standing; however, but for the government's retention, there *would* have been little or no loss. Thus, even accepting the government's assertion as reasonably accurate, we find that the government's loss is too remote to form the basis for restitution under section 3651.

We agree with a recent Second Circuit decision finding that restitution is proper only for losses *directly* resulting from the defendant's offense. *See United States v. Burger,* 739 F.2d 805, 811 (2d

---

1. Both parties have cited cases holding that restitution under § 3651 cannot exceed the value of the property specified in the counts for which the defendant was actually convicted. *See United States v. Gering,* 716 F.2d 615, 623–25 (9th Cir.1983); *United States v. Orr,* 691 F.2d 431, 433–34 (9th Cir.1982); *Karrell v. United States,* 181 F.2d 981, 986–87 (9th Cir.), *cert. denied,* 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646 (1950). This principle does not control the outcome of Tyler's case, however, because the issue here is not whether the district court properly calculated the *amount* of damages, but rather whether the government's loss was caused by Tyler's conduct within the meaning of § 3651.

Cir.1984). In *Burger,* the defendant was convicted of possessing and concealing counterfeit money. The court vacated the district court's order requiring the defendant to reimburse the victim for losses sustained through the acceptance of the bogus money. The court reasoned that the victim's loss stemmed from the *passing* of the counterfeit bills and not from the crime of possession for which the defendant stood convicted: "[T]he mere possession and concealment of the bogus money by itself did not harm the [victim]. Therefore, Burger's offense did not 'cause' the loss for which he now is required to make restitution." *Id.* at 811; *see also United States v. Vaughn,* 636 F.2d 921, 923 (4th Cir.1980) (finding it improper to order restitution of the costs of investigating the defendant's case); *United States v. Jimenez,* 600 F.2d 1172, 1174–75 (5th Cir.) (rejecting order of restitution for the cost of court-appointed defense counsel), *cert. denied,* 444 U.S. 903, 100 S.Ct. 216, 62 L.Ed.2d 140 (1979). *But see United States v. Santarpio,* 560 F.2d 448, 455 (1st Cir.) (upholding the assessment of fees for court-appointed counsel under section 3651 as a "fine"), *cert. denied,* 434 U.S. 984, 98 S.Ct. 609, 54 L.Ed.2d 478 (1977).

■ In the same way, Tyler's conduct did not "cause" the loss sustained by the government in this case. The timber was restored to the government on the day of the theft. Any reduction in its value stems from the government's decision to hold the timber during a period of declining prices, not from Tyler's criminal acts. Under the rationale of *Burger,* therefore, making Tyler pay restitution was improper.

The government rejoins that it needed to retain the timber for evidentiary purposes in building its case against Tyler. It is questionable whether *all* the timber needed to be retained. However, even if the entire decline in value of the timber could fairly be characterized as a cost of investigating and prosecuting Tyler's case, section 3651 would afford no basis for placing that burden on the defendant.

■ The Fourth Circuit squarely rejected a similar argument in *United States v. Vaughn.* The court reversed the district court's order requiring a defendant convicted of tax evasion to pay the cost incurred by the IRS in investigating his case. While "investigation and prosecution was a proper course for the government to undertake," the court reasoned, "that course was a step removed from the defendant's misconduct." 636 F.2d at 923. By the same reasoning, we reject the government's implicit contention that Tyler must restore the decline in value of all the timber as payment of an expense incurred by the government in bringing him to justice. Section 3651 authorizes no such award.[2]

### B. *Section 3579*

The district court alternatively based its restitution order on 18 U.S.C. § 3579. That statute, however, does not aid the government.

■ When returning stolen property fails to compensate the victim adequately, the statute provides that the court may require the defendant to pay the greater of:

(i) the value of the property on the date of the damage, loss, or destruction, or

(ii) the value of the property on the date of sentencing, less the value (*as of the date the property is returned*) of any part of the property that is returned.

*Id.* § 3579(b)(1)(B) (emphasis added). As already pointed out, the property in this case was "returned" to the government on the same day that the crime occurred. Properly determined, the measure of restitution under section 3579 was zero. The

---

2. We express no opinion as to the district court's authority to condition probation on a "fine in one or several sums." 18 U.S.C. § 3651. *Compare United States v. Santarpio,* 560 F.2d 448, 455 (1st Cir.) (this authority embraces an order requiring the defendant to repay attorney's fees generated by his court-appointed counsel), *cert. denied,* 434 U.S. 984, 98 S.Ct. 609, 54 L.Ed.2d 478 (1977) *with United States v. Jimenez,* 600 F.2d 1172, 1174–75 (5th Cir.) (reaching opposite result), *cert. denied,* 444 U.S. 903, 100 S.Ct. 216, 62 L.Ed.2d 140 (1979).

district court erred in calculating the restitutionary amount by taking the salvage value on the date of sentencing. Section 3579 does not authorize such a method of calculation.

### III.

### COSTS OF PROSECUTION

Tyler also appeals the district court's order that he pay the costs of prosecution. His argument rests on the mistaken premise that the court awarded the government the decline in market value of the timber (i.e., $1,006.86) as a cost of prosecution. In fact, the court's order clearly left the amount of costs "to be determined later." In any case, we need not address Tyler's contention because the government concedes that its failure to submit a timely bill of costs under Local Rule 265–1 of the District of Oregon bars its right to seek costs. *See Baldwin v. Redwood City,* 540 F.2d 1360, 1375 n. 43 (9th Cir.1976), *cert. denied,* 431 U.S. 913, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977).

We reverse the district court's restitution order and remand the case for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.