## UNITED STATES of America, Plaintiff/Appellee,

v.

## Lloyd George KENNEY, Defendant/Appellant.

Nos. 84–3112, 85–3026.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 1986.

Decided May 13, 1986.

As Amended July 8, 1986.

Robert C. Weaver, Asst. U.S. Atty., Portland, Or., for plaintiff/appellee.

Stephen R. Sady, Assistant Federal Public Defender, Portland, Or., for defendant/appellant.

Before SKOPIL, NELSON, and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Defendant was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) (1982).[1] He was sentenced to a 25-year term of incarceration and ordered to make restitution in the amount of $1425 as a condition of parole. We find no statutory authority for a portion of the restitution and vacate that amount. We affirm the remainder of the sentence.

1. Defendant raised a number of claims on appeal of his conviction which are not addressed in this opinion. Because those claims raise no new issues, they have been disposed of in a separate memorandum opinion.

The challenged restitution, imposed under authority of the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. § 3579(a) (1982), was intended to reimburse the bank for the wages of its employees who testified at trial and at various proceedings leading to trial ($1380), and to reimburse a technician who removed film from a surveillance camera ($25). Defendant argues that the reimbursement is unauthorized by the statute and violates the Constitution.[2] This precise issue, reviewable *de novo* by this court, *United States v. Binder*, 769 F.2d 595, 600 (9th Cir.1985), appears to be one of first impression.

■ Section 5 of the VWPA, 18 U.S.C. § 3579 provides:

(a)(1) The court, when sentencing a defendant convicted of an offense under this title ..., may order, in addition to or in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of the offense....

(b) The order may require that such defendant—

(1) in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense—

(A) return the property to the owner of the property or someone designated by the owner; or

(B) if return of the property under subparagraph (A) is impossible, impractical, or inadequate, pay an amount equal to the greater of— (i) the value of the property on the date of the damage, loss or destruction, or (ii) the value of the property on the date of sentencing, less the value (as of the date the property is returned) of any part of the property that is returned; ....

While the district court has discretion in ordering restitution, *see United States v. Florence*, 741 F.2d 1066 (8th Cir.1984); *see also United States v. Green*, 735 F.2d 1203, 1207 (9th Cir.1984) (under § 3651), the award must be within the statutory framework. This court has held that section 3651, which authorizes restitution "for actual damages or loss caused by the offense" as a condition of *probation*, properly allows restitution "only for losses directly resulting from the defendant's offense." *United States v. Tyler*, 767 F.2d 1350, 1351 (9th Cir.1985) (emphasis in original) (citing *United States v. Burger*, 739 F.2d 805, 811 (2d Cir.1984)). This reasoning applies to an order of restitution as a condition of parole as well.

■ Under that reasoning, the $1380 award to the bank to pay salaries of employees who testified at trial is not warranted because it was "too remote to form the basis for restitution." *Tyler*, 767 F.2d at 1351. In *Tyler*, the government sought restitution to compensate for the decline in value of stolen timber that it had recovered and retained for evidentiary purposes. This court reversed the award, stating that even if the decline in value "could fairly be characterized as a cost of investigating and prosecuting Tyler's case, section 3651 would afford no basis for placing that burden on the defendant." *Id.* at 1352. Section 3579 also affords no basis for placing on Defendant here the burden of paying for the salary of witnesses.

Defendant raises for the first time on appeal a challenge to the $25 technician's fees for removing film from the surveillance camera. This challenge need not be considered and, in any event, the charge appears to be warranted as a direct cost of the robbery.

We conclude that the $1380 portion of the order of restitution is unwarranted under the VWPA and vacate that portion of the sentence. The remainder of the restitution order and the sentence of incarceration are affirmed.

AFFIRMED IN PART; VACATED IN PART.

---

2. Because we decide on statutory grounds, we need not reach the constitutional issue.