UNITED STATES of America,
Plaintiff-Appellant,

v.

Herbert Q. HAILE, Defendant-Appellee.

No. 85–1674.

United States Court of Appeals,
Fifth Circuit.

July 28, 1986.

Steve MacIsaac, John J. Powers, III, Washington, D.C., for plaintiff-appellant.

Frank Maloney, David Botsford, Austin, Tex., for defendant-appellee.

Before JERRE S. WILLIAMS, E. GRADY JOLLY and PATRICK E. HIGGINBOTHAM, Circuit Judges.

## OPINION

PATRICK E. HIGGINBOTHAM, Circuit Judge:

We are asked to decide whether a district court may offer to use Fed.R.Crim.P. 35 to reduce a fine that has been imposed as a criminal penalty if the defendant chooses to contribute part of the fine to an approved charity. Concluding that an order making such an offer is a transparent device for imposing a condition upon a monetary fine contrary to the Probation Act. 18 U.S.C. §§ 3651-3656, we vacate the imposition of the fine and remand for reconsideration with instructions not to impose any condition that is unauthorized by the Act.

### I

Herbert Q. Haile was president of a road construction company that bid on projects for the Texas Highway Department. In an appearance before a federal grand jury that was investigating bidrigging practices, Haile falsely testified that he had not participated in any illegal collusion with other businessmen in the road construction industry. Pursuant to a plea agreement, the government charged Haile with conspiring to violate section 1 of the Sherman Act. In return for Haile's guilty plea, the government agreed not to prosecute him for other violations of the antitrust laws or for perjury before the grand jury. Haile agreed not to "recommend or advocate that any payment or services be rendered to any person, organization, institution or agency in lieu of a fine payable to the United States Treasury." The district court accepted the plea agreement on condition that the limitation on payments to others than the Treasury be removed. The plea agreement was then redrafted to eliminate the restriction.

Haile was sentenced to two years in prison and fined $50,000. The district court suspended execution of the prison sentence, and placed Haile on probation for a period of two years; one condition of probation was that the fine be paid within 120 days. The court also said, however, that it would consider using Fed.R.Crim.P. 35 to reduce the fine if the defendant wished to "divert" part of it (up to a maximum of 25% of the total fine) to an approved charitable organization.[1] The United States objected to that condition of the probation order, and the district court granted the government's motion to stay execution of judgment pending this appeal.

### II

The first paragraph of the Probation Act, 18 U.S.C. § 3651, provides gener-

---

1. The relevant portion of the probation order stated:

   The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of TWO (2) YEARS and assessed a fine in the amount of FIFTY THOUSAND ($50,000.00) DOLLARS. Execution of the sentence of imprisonment is hereby suspended and the defendant placed on probation for a period of TWO (2) YEARS with supervision pursuant to 18 U.S.C. § 3651 ... and upon the following special condition:

   (1) that said fine in the amount of $50,000.00 shall be paid into the Registry of the Court in full within 120 days from October 7, 1985.

   Should the defendant wish to contribute a portion of this fine to a charitable organization, this Court is willing to entertain a motion to reduce sentence via a timely filed Rule 35 motion under the following provisions and conditions:

   1. The maximum amount to be diverted will not exceed 25% of said fine.

   2. A list of charitable organizations or agencies should be submitted to the Court through the U.S. Probation Office for review and approval prior to the contributions being made.

   3. Verifiable proof of contributions must be submitted to the U.S. Probation Office prior to the Court's granting a reduction of sentence under a Rule 35 motion.

   4. It is expressly understood by the defendant that these contributions are not to be utilized by the defendant as a future tax deduction for Federal tax purposes.

ally that a court may place a defendant "on probation for such period and upon such terms and conditions as the court deems best." 18 U.S.C. § 3651. This opening section gives broad authority to district courts to impose conditions of probation that in the judgment of the sentencing judge serve to rehabilitate the criminal or secure compliance with court orders, and otherwise are in the public interest. After this opening grant of authority, and in a separate paragraph, however, the Act enumerates the three circumstances in which probation may be conditioned on a prescribed payment of money. The Congress authorized sentencing judges to condition probation on the payment of (1) a fine; (2) restitution or reparation to aggrieved parties for actual damages or loss caused by the offense; and (3) the support of any persons for whose support the defendant is legally responsible. 18 U.S.C. § 3651.

Had Congress not intended to be restrictive in its grant of authority regarding fines, this enumeration would have been surplusage, for the broad language in the opening paragraph would have authorized all three forms of payment, and more. Congress, however, clearly chose to limit the use of money payments as conditions of probation by enumerating those that are permitted. As the government points out, the statute's reference to non-fine reparations or restitution is circumscribed by limitations as to recipients ("aggrieved parties"), amount ("actual damages or loss"), and source of the obligation ("caused by the offense for which conviction was had"). Similarly, the reference to non-fine payments to persons other than those injured by the crime is limited in nature ("support") and as to recipients ("persons ... for whose support he is legally responsible").

This reading of the Probation Act has received wide support. Indeed the Act has been read narrowly by all the circuit courts that have addressed the question, and none has found authority for a payment like the one ordered in this case. *See United States v. John Scher Presents, Inc.,* 746 F.2d 959, 963–64 (3rd Cir.1984); *United*

*States v. Missouri Valley Construction Co.,* 741 F.2d 1542, 1547–49 (8th Cir.1984) (en banc); *United States v. Wright Contracting Co.,* 728 F.2d 648, 652–53 (4th Cir.1984); *United States v. Prescon Corp.,* 695 F.2d 1236, 1243 (10th Cir.1982); *see also United States v. John A. Beck Co.,* 770 F.2d 83, 85–86 (6th Cir.1985); *United States v. Tyler,* 767 F.2d 1350, 1351–52 (9th Cir.1985); *Fiore v. United States,* 696 F.2d 205, 209–10 (2nd Cir.1982); *United States v. Gustafson,* 587 F.Supp. 548 (D.Minn. 1984).

This court, too, has read the Probation Act to preclude monetary penalties other than those enumerated in the statute. *See United States v. Turner,* 628 F.2d 461, 467 (5th Cir.1980) (prohibiting reimbursement of government's travel expenses and attorney fees), *cert. denied,* 451 U.S. 988, 101 S.Ct. 2325, 68 L.Ed.2d 847 (1981); *United States v. Jimenez,* 600 F.2d 1172, 1174 (5th Cir.) (prohibiting reimbursement of government costs of court appointed counsel and services of an interpreter), *cert. denied,* 444 U.S. 903, 100 S.Ct. 216, 62 L.Ed.2d 140 (1979).

### III

■ Haile argues that Fed.R.Crim.P. 35 permits the district judge to reduce a sentence in the exercise of his discretion, apart from the Probation Act. The government suggests both that Haile's argument would permit a judicial end-run around Congress by reliance on a procedural rule, and that Rule 35, by its own terms, gives no comfort to Haile. The relation between the district court's use of Rule 35 and the Probation Act need not long detain us. Giving Haile the choice of paying part of his fine to charity did not "reduce" his sentence. It only gave him the right to choose the recipient of the money he was ordered to pay. We know of no reason to find, in a rule allowing reduction of a sentence, the authority to reduce an *ordered fine* by the amount of a charitable contribution. We agree with Judge Becker that the "limitations imposed by the act ... cannot be

circumvented by creative labeling." *United States v. John Scher Presents, Inc.*, 746 F.2d 959, 964 (3rd Cir.1984).

It is suggested, finally, that the district court did not literally obligate itself to grant a credit for any charitable contribution. Apart from the fact that the court may well have lacked discretion to renege on its implicit offer after Haile accepted by performing its requirements, the suggestion misses the point. The defendant was ordered to pay a certain sum of money. While he might have been free to choose the recipient of a portion of the money, his obligation to part with a certain sum was never diminished. Thus any payments to charity would have been the direct product of the court's order.

### IV

A district court undoubtedly has wide discretion in the range of sentence it imposes. That discretion can properly take note of the charitable spirit of a defendant, even a charitable spirit that has flowered only under the shadow of the jail wall. But such charity, however sincere, may not be ordered by a sentencing judge. It might be true that the rehabilitation of a person such as Haile will be fostered by charitable gifts or by the response from the community that they provoke. It might also be true that judicially approved charitable organizations can spend money, and thereby benefit the community, more intelligently than can the U.S. government. Without a statutory footing, however, the courts are not free to make these policy judgments.

Because the district court's order was not supported by statutory authority, we cannot allow it to stand. This decision does not limit the discretion of district judges to formulate a tailored sentence, for a sentencing judge can properly consider a defendant's charity so long as he does not compel charitable contributions. At the margin, the difference between considering a defendant's charity and improperly diverting fines away from the Treasury may be slight, but it is one that respect for the limits on judicial authority makes important.

VACATED and REMANDED.