Paul J. Morrison District Attorney Johnson County Courthouse P.O. Box 728 Olathe, Kansas 66051
Dear Mr. Morrison:
As Johnson county district attorney, you request our opinion regarding specific conditions in diversion agreements with a defendant. More specifically, you ask whether you can require a defendant to make a monetary contribution to a non-profit organization as a condition of a diversion agreement.
K.S.A. 22-2907 states:
 "(1) After a complaint has been filed charging a defendant with commission of a crime and prior to conviction thereof, and after the district attorney has considered the factors listed in K.S.A. 22-2908, if it appears to the district attorney that diversion of the defendant would be in the interests of justice and of benefit to the defendant and the community, the district attorney may propose a diversion agreement to the defendant. The terms of each diversion agreement shall be established by the district attorney in accordance with K.S.A. 22-2909.
 "(2) Each district attorney shall adopt written policies and guidelines for the implementation of a diversion program in accordance with this act. Such policies and guidelines shall provide for a diversion conference and other procedures in those cases where the district attorney elects to offer diversion in lieu of further criminal proceedings on the complaint.
 "(3) Each defendant shall be informed in writing of the diversion program and the policies and guidelines adopted by the district attorney. The district attorney may require any defendant requesting diversion to provide information regarding prior criminal charges, education, work experience and training, family, residence in the community, medical history, including any psychiatric or psychological treatment or counseling, and other information relating to the diversion program. In all cases, the defendant shall be present and shall have the right to be represented by counsel at the diversion conference with the district attorney."
Further, K.S.A. 22-2908 provides a list of factors which should be considered by the district attorney in determining the propriety of diversion and it also provides a list of criminal charges for which a diversion agreement cannot be used. State v. Greenlee, 228 Kan. 712, 717
(1980), upheld the constitutionality of these statutes and further explained their purposes:
 "The statutes adopted in 1977 sought to establish a uniform procedure for a function which was already in existence in a number of counties across the state. The statutes do not enable the prosecutor to do anything that could not be done before. The prosecutor has always had the discretion to decide whether to file charges, to enter into plea bargaining, to reduce charges or to dismiss without prosecution. The statutes allow the prosecutor to file charges but postpone trial for a period of time while the accused participates in various rehabilitation programs. If the program is successfully completed, the charge will be dropped."
K.S.A. 1992 Supp. 22-2909(a) in part provides:
 "The diversion agreement may include, but is not limited to, provisions concerning payment of restitution, including court costs and diversion costs, residence in a specified facility, maintenance of gainful employment, and participation in programs offering medical, educational, vocational social and psychological services, corrective and preventive guidance and other rehabilitative services."
As you point out in your inquiry letter, the above statutory language seems to give great discretion to the district attorney in offering conditions of the diversion agreement to the defendant. We understand that you are considering as a condition of diversion, monetary contributions to a local charity that deals with issues involving domestic violence, child abuse, and so on. You also inform us that you would probably provide a list of these charities so that the defendant may choose one and make contribution directly to the charity.
We have found no cases or opinions which have dealt with this specific question. Although we are aware of the possibility of abuse by the district attorney in either selecting charities or fixing the amount of contribution, we are confident that district attorneys will make every effort to avoid even appearances of abuse. The statutory language has no prohibition or restriction on conditions that the district attorney may impose on the defendant in a diversion agreement.
The Nevada attorney general's office issued an opinion dealing with a similar issue. Opinion No. 93-6. However, the question was whether a judge in a criminal case has authority to order a donation to charity in lieu of a fine or penalty. The Nevada attorney general decided that a judge does not have unlimited discretion to order donations to charity as a condition of probation since generally such donations cannot be considered to be reasonably related to rehabilitation or protection of the public. The Nevada opinion cited numerous federal cases which held that court-ordered monetary donations to a charity were not permissible, under various federal statutes. United States v. Blue Mountain BottlingCo. of Walla Walla, 929 F.2d 526 (9th Cir. 1991); Higdon v. UnitedStates, 627 F.2d 893 (9th Cir. 1980); United States v. Haile, 795 F.2d 489
(5th Cir. 1986); United States v. Prescon Corp., 695 F.2d 1236 (10th Cir. 1982); United States v. Wright Contracting Co., 728 F.2d 648 (4th Cir. 1984). Further, the Nevada attorney general's office does not believe monetary donations to charity are included in the available punishment for misdemeanors in the state statutes. Additionally, the Nevada Code of Judicial Conduct may be violated by judges who improperly order donations to charity.
The obvious difference between the question that the Nevada attorney general's office faced and ours is that the diversion agreement in our case is not made in court. After the district attorney and the defendant reach the agreement, it is to be filed with the district court. K.S.A. 1992 Supp. 22-2909(b)(6). But there is no statutory requirement that the diversion agreement must be approved by the court to be valid and effective. The diversion agreement is an agreement strictly between the district attorney and the defendant; the judge does not play any role in reaching an agreement.
In conclusion, we find no statutory prohibition against requiring monetary contributions to charity as a condition of a diversion agreement. However, we strongly caution prosecutors to make every effort to ensure that there is no appearance of favoritism or prejudice. We recommend that the district attorney should adopt explicit policies and guidelines regarding the amount of donations and which charity should receive the donation. The district attorney should further ensure that there is no violation of the equal protection clause in the federal and Kansas constitutions based on the financial ability of the defendants. The prosecutor, although possessing wide discretion, is not immune from judicial review of the exercise of that discretion for arbitrariness.State v. Greenlee, 228 Kan. at 721, citing Bordenkircher v. Hayes,434 U.S. 357, 54 L.Ed.2d 604, 98 S.Ct. 663 (1978); State v. Addington,198 Kan. 228, Syl. para. 4, 424 P.2d 871 (1967).
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas