**UNITED STATES of America, Plaintiff—Appellee,**

v.

**JUVENILE FEMALE, Defendant— Appellant.**

No. 07–30158.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2008.

Filed Oct. 3, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Berzon, Circuit Judge, filed a dissenting opinion.

Before: FERNANDEZ, BERZON, and BEA, Circuit Judges.

## MEMORANDUM *

T.M., a juvenile, appeals the district court's order that she pay restitution in the amount of $7,952 to Rhea Red Dog Starr ("Starr"), the mother of Richard Bodean Red Dog ("Red Dog"), who was murdered on December 12, 2003, within the boundaries of the Fort Peck Indian Reservation in Montana. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

T.M. contends Starr does not qualify as a "victim" to whom T.M. can be ordered to pay restitution under 18 U.S.C. §§ 3663, 3663A. The relevant statute defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered[.]" 18 U.S.C. § 3663A(a)(2). In determining who qualifies as a victim, the sentencing court may take into account only the offense(s) of which the defendant was convicted. *Hughey v. United States*, 495 U.S. 411, 413, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). Thus, restitution may be ordered "only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Id.*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

T.M. contends she cannot be held liable for losses Starr incurred while searching for Red Dog, because T.M. pleaded guilty only to assaulting Red Dog with a dangerous weapon; she did not plead guilty to his murder. Thus, according to T.M., the specific conduct underlying her offense of conviction did not "directly and proximately" cause Starr's losses.

We have previously held, however, that restitution awards may include losses "at least one step removed from the offense conduct itself." *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 928 (9th Cir.2001). We have affirmed restitution awards even where there were "multiple links in the causal chain" between the conduct underlying the offense and the costs for which restitution was ordered. *United States v. Hackett*, 311 F.3d 989, 993 (9th Cir.2002). Moreover, "Defendant's conduct need not be the sole cause of the loss, but any subsequent action that contributes to the loss, such as an intervening cause, must be directly related to the defendant's conduct. The causal chain may not extend so far, in terms of the facts or the time span, as to become unreasonable." *Gamma Tech*, 265 F.3d at 928.

Here, T.M. and two other individuals—her brother Jordan and her then-boyfriend Bearcub—committed the assault during which Red Dog was killed. T.M. admits she hit Red Dog twice with a baseball bat during the assault. She then accompanied Jordan and Bearcub to a nearby bridge and helped them push Red Dog's body off the bridge into a river. Red Dog's body was never recovered. Starr subsequently missed seven months of work while searching for her missing son.

While T.M.'s conduct was not the sole cause of Starr's loss, Starr's search for her missing son was a reasonably foreseeable reaction to T.M.'s conduct, in combination with the conduct of Jordan and Bearcub; thus, Starr's actions were "directly related" to T.M.'s conduct. *See Gamma Tech,* 265 F.3d at 928. Accordingly, the "causal chain" between the conduct underlying T.M.'s offense and the lost wages incurred by Starr does "not extend so far, in terms of the facts or the time span, as to become unreasonable." *See id.* Thus, we hold Starr qualifies as a "victim" for purposes of the payment of restitution.

■ T.M. further contends Starr's lost wages are not recoverable under 18 U.S.C. § 3663A(b)(4). Section 3663A(b)(4) provides that the order of restitution for a defendant convicted of a qualifying offense "shall require that such defendant—... in any case, reimburse the victim for *lost income* and necessary child care, transportation, and other expenses *incurred during participation in the investigation or prosecution of the offense* or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4) (emphasis added).

"This circuit has adopted a *broad* view of the restitution authorization for investigation costs [under 18 U.S.C. § 3663A(b)(4) ]. Generally, investigation costs ... incurred by private parties as a direct and foreseeable result of the defendant's wrongful conduct may be recoverable." *United States v. Gordon,* 393 F.3d 1044, 1056–57 (9th Cir.2004) (internal quotation marks and alterations omitted) (emphasis in original).

T.M. contends that because the FBI undertook its own efforts to search for Red Dog's body, Starr's decision to take seven months off from work to search for her missing son was not a "direct and foreseeable result" of T.M.'s conduct. We rejected a nearly identical contention in *United States v. Cummings,* 281 F.3d 1046, 1053 (9th Cir.2002) (affirming a restitution award for attorney's fees incurred during civil proceedings brought by a mother to

recover her stolen child, notwithstanding the separate criminal proceedings independently brought by the government).[1] As we noted in *Cummings*, "a parent deprived of her children does not have the same choices [as other victims] about what sums are appropriately spent to rectify the harm done." *Id.* Accordingly, because Starr's lost income was a direct and foreseeable result of T.M.'s offense, we hold this lost income is recoverable under § 3663A(b)(4).

The district court did not abuse its discretion in ordering T.M. to pay restitution.[2]

**AFFIRMED.**

BERZON, Circuit Judge, dissenting.

I respectfully dissent, for several reasons.

First, Ms. Starr was not a "victim" for purposes of the restitution statute. The statute defines a "victim" as "a person directly and proximately harmed as a result of the commission of the offense. . . ." 18 U.S.C. § 3663A(a)(2). Ms. Starr was undoubtedly harmed, by her son's death, but she was harmed indirectly, not directly, by the offense here at issue. The statute does not, in my view, contemplate that adult relatives of victims *automatically* become victims themselves for restitution purposes. I am aware of no case so holding. *Cf. United States v. Wilcox*, 487 F.3d 1163, 1176–77 (8th Cir.2007) (holding that

"[b]ecause only [the child victim], not [her mother], suffered bodily injury, [her mother] is not a victim who may be reimbursed for lost income under § 3663A(B)(2)(C)"); *compare United States v. Checora*, 175 F.3d 782, 795 (10th Cir.1999) (holding that victim's minor sons were "victims" within the meaning of the MVRA because "[t]hey have been directly and proximately harmed as a result of their father's death because they have lost, among other things, a source of financial support."). Although grief-stricken spouses, parents, grandparents, and close friends of the direct victims of crimes are certainly, in the colloquial sense, "victims" themselves, making them *statutory* victims eligible for restitution potentially unendingly. That is the obvious reason for the statutory limitation to those "directly harmed."

Further, even if a statutory victim, Ms. Starr is not eligible for restitution of her seven months' lost income. For one thing, as far as the record shows, that income was not lost "during participation in the investigation of prosecution of the offense." § 3663A(b)(4). Rather, Ms. Starr lost income because, after spending time searching for her son, she lost her job. The record does not show that she was investigating the offense for seven months.

For this same reason, Ms. Starr was not "proximately" harmed with regard to her lost wages. Although it was a foreseeable result of the offense that Ms. Starr would

---

1. In *Cummings*, we addressed a restitution order issued pursuant to 18 U.S.C. § 3663(b)(4) (a provision of the Victim and Witness Protection Act ("VWPA")); here, the governing provision is 18 U.S.C. § 3663A(b)(4) (a provision of the Mandatory Victims Restitution Act ("MVRA")). The provisions, however, are substantially the same. Moreover, in *Cummings*, we applied precisely the same test to § 3663(b)(4) as we apply here to § 3663A(b)(4)—*i.e.*, whether the expenses at issue were a "direct and foreseeable result" of the defendant's offense. *See also Gordon*,

393 F.3d at 1048 (holding that because of the similarities between the VWPA and MVRA, "courts interpreting the MVRA may look to and rely on cases interpreting the VWPA as precedent.").

2. Because we hold the district court did not abuse its discretion in ordering T.M. to pay restitution, we need not reach the government's alternative argument that restitution was mandatory under 18 U.S.C. § 3663A.

look for her son, it was not a foreseeable result of the offense that she would do so during work hours and would lose her job as a consequence. *Compare United States v. Follet,* 269 F.3d 996, 999 (9th Cir.2001) ("[S]exual abuse of a minor ... may—indeed, usually will—result in psychological harm to the girl abused. That the girl will seek ... counseling ... is not, though, assured ..., and that she will seek such counseling, if she does, from a free clinic rather than one for which she pays ... is certainly not something one can foresee from the fact that the crime was committed. So the connection ... is simply too attenuated to bring the Crisis Center within the statutory definition of 'victim.'"); *United States v. Meksian,* 170 F.3d 1260, 1263 (9th Cir.1999) (holding that "it was not Meksian's false statements that caused the bank's loss, but the [bank's] intervening reliance ... on a third party's inaccurate environmental risk report"); *United States v. Tyler,* 767 F.2d 1350, 1352 (9th Cir.1985) (holding that defendant need not reimburse the government for the loss in value of the timber defendant stole from a national forest, because "[a]ny reduction in [the timber's] value stems from the government's decision to hold the timber during a period of declining prices, not from [the defendant's theft].").

Most importantly, it seems plain to me that *"the* investigation" for which restitution is available under § 3663A(b)(4) is the government's official investigation, not an entirely separate one engaged in by the victim's relatives. The two cases the majority cites to the contrary are entirely off point.

*United States v. Gordon,* 393 F.3d 1044 (9th Cir.2004), involved investigation costs incurred by the company from which the defendant embezzled "in response to five grand jury subpoenas and a number of government requests" which *"required*

[Cisco] to analyze vast amounts of information" and *"forced* [Cisco] to identify and reconstruct hundreds of sales and acquisitions." *Id.* at 1057. There is no indication that Cisco recovered restitution for investigations it undertook independently of government subpoenas and information requests. *Gordon* therefore reinforces my conclusion that it is participation in *the* investigation—the government's investigation—that is subject to restitution, not costs incurred when striking out on one's own.

*United States v. Cummings,* 281 F.3d 1046 (9th Cir.2002), involved, as the majority notes, a different statute. Although similar, that statute differs in a respect critical here: 18 U.S.C. § 3663(b)(4) provides for discretionary restitution of "lost income ... and other expenses *related to* participation in the investigation ... of the offense." (Emphasis added). The statute here at issue is stricter: The "lost income ... and other expenses" must be incurred *"during* participation in the investigation ... of the offense." § 3663A(b)(4) (emphasis added). The difference is both obvious and significant. Whether or not Ms. Starr's investigative activities were "related to" participation in the government's investigation, they did not occur "during participation" in it. *Cf. United States v. Douglas,* 525 F.3d 225, 254 (2d Cir.2008) (holding that the father of the victim was entitled to restitution for the father's lost income under § 3663A(b)(4) "for the days on which [the father] assisted in the investigation and attended court proceedings"); *United States v. Hayward,* 359 F.3d 631, 642 (3d Cir.2004) (holding that "the [minor victims'] parents are entitled to restitution under" § 3663A(b)(4) because they "incurred reasonable costs in obtaining the return of their victimized children from London and in making their children available to participate in the investigation and trial.").

For all these reasons, I would reverse the restitution order, and therefore dissent.