Argued and submitted November 10, 1980; resubmitted in banc April 9,
reversed and remanded for resentencing April 13,
reconsideration denied June 9,
petition for review allowed July 21, 1981 (291 Or 368)

STATE OF OREGON,
*Respondent,*

*v.*

EARL GLENN EASTMAN,
*Appellant.*

(No. 10-79-08891, CA 18018)

626 P2d 956

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

CAMPBELL, J. PRO TEMPORE.**

Joseph, C. J., filed a dissenting opinion, joined by Thornton and Warren, JJ.

---

** Appointed to Supreme Court December 1, 1980.

## CAMPBELL, J. PRO TEMPORE.

This prosecution arose out of the accidental collision between defendant's car and a motorcycle. Two persons riding the motorcycle were severely injured. Defendant left the scene of the accident without first giving his name, address and motor vehicle registration number and without rendering reasonable assistance to the injured persons, as required by statute. He was convicted of felony hit and run. ORS 483.602.[1] The court sentenced defendant to pay restitution to the injured motorcyclists in the amount of $25,180.74. Defendant appeals from the order of restitution.

The court's authority to order restitution as part of a sentence is provided by statute. The court may order restitution to be made only to a victim of defendant's criminal activities. ORS 137.106(1). Victim is defined in ORS 137.103(4) as any person who "has suffered pecuniary

---

[1] ORS 483.602 provides in part:

"(1) The driver of any vehicle involved in an accident which results in injury or death to any person or causes damage to a vehicle which is driven or attended by any person, immediately shall stop such vehicle at the scene of the accident, or as close thereto as possible, and shall remain at the scene of the accident until he has fulfilled the requirements of subsection (2) of this section. * * *

"(2) The drivers of any vehicles involved in any accident resulting in injury or death to any person or damage to any such vehicles shall:

"(a) Give to the other driver or surviving passenger, or any person not a passenger injured as a result of such accident, his name, address and registration number of the vehicle which he is driving, and the name and address of any other occupants of such vehicle.

"(b) Upon request and if available, exhibit and give the number of his operator's or chauffeur's license to the persons injured, or to the occupants of or person attending any vehicle damaged.

"(c) Render to any person injured in such accident reasonable assistance, including the conveying or the making of arrangements for the conveying of such person to a physician, surgeon or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such conveying is requested by any injured person.

"* * * * *

"(4)(a) A driver involved in an accident which results in injury or death to any other person and who fails to perform the duties required under subsection (1) of this section commits a Class C felony.

"* * * * *."

damages *as a result* of defendant's criminal activities."
(Emphasis supplied.) Pecuniary damages means all special
damages "which a person could recover against the defend-
ant in a civil action arising out of the facts or events
constituting the defendant's criminal activities." ORS
137.103(2). Criminal activities are any offense for which
defendant is convicted or any other criminal conduct which
he admits. ORS 137.103(1).

We interpret these statutes as requiring a causal
relationship between the conduct for which the defendant
is convicted and the damages which the victim suffers. We
find no such relationship in this case. Defendant's criminal
offense was leaving the scene of an accident in which he
was involved without supplying statutorily required infor-
mation and rendering reasonable assistance to injured per-
sons. This conduct did not produce any injuries. The record
contains no evidence that the victims' injuries were ag-
gravated by defendant's failure to render immediate assist-
ance. As far as we can tell, the injuries were the result of
the accident which preceded defendant's crime and are not
subject to an order of restitution. Defendant's conviction in
no way establishes his liability for the damages suffered by
the "victim." Fault is not an element of the crime. The
sentence of restitution was, therefore, unauthorized. *State
v. Dillon,* 51 Or App 729, 626 P2d 959 (1981).

The dissent in this case is answered in *State v.
Dillon, supra.*

The order of restitution is vacated.

Reversed and remanded for resentencing.

**JOSEPH, C. J.,** dissenting.

I dissent, because the majority misreads and mis-
applies the restitution statute, particularly ORS
137.103(2). That section has the function of defining *(and
confining)* the term "pecuniary damages" in ORS
137.103(4) to mean those sorts of damages that *"a person"*
(NOTE: *not* "the victim" or "the person injured") could
recover in an appropriate civil case. The trial judge here
determined from the presentence report that the *accident*
out of which the damages arose was the defendant's fault.

The majority quotes but does not deal with the language in ORS 137.103(2) about "the facts *or events* constituting the defendant's criminal activities." (Emphasis supplied.)

The indictment by which the defendant was charged said he "did operate a motor vehicle * * * in such a manner that it was involved in an accident which resulted in an injury to * * *, and thereafter did unlawfully and with criminal negligence leave the scene of the accident without first giving his name, address and his motor vehicle's registration number * * *, or render reasonable assistance to the person injured * * *." Under ORS 483.602(1)[1] the allegations quoted are parts of the offense to be charged and proved. The defendant had to have been driving a vehicle that was involved in an accident. It should go without saying that the imposition of restitution is part of the *sanctions* that may be imposed upon a person convicted of a crime, not a civil judgment. The trial judge's determination that the accident was defendant's fault was not only permissible, it was necessary in order to "characterize the defendant" for the purpose of determining the appropriate sanctions. *See State v. Quinn,* 290 Or 383, 405, 623 P2d 630 (1981).

The majority has misled itself into analyzing the statute as if it is dealing with issues of *civil* liability — which, of course, it is not doing, or should not be doing. It ignores the legislature's clear recognition that civil liability is entirely another matter. ORS 137.109(2) says:

"(2) If conviction in a criminal trial *necessarily decides* the issue of a defendant's *liability for pecuniary damages of a victim,* that issue is conclusively determined as to the defendant if it is involved in a subsequent civil action."

I would hold that the trial court properly imposed the sanction of requiring the defendant to pay "pecuniary damages" (ORS 137.103(4)) which resulted from "the facts or events constituting the defendant's criminal activities." I see no purpose to be served by a hairsplitting analysis of the statute in the face of the legislature's obvious intention

---

[1] "The driver of any vehicle involved in an accident which results in injury or death to any person or causes damage to a vehicle which is driven or attended by any person, immediately shall stop such vehicle at the scene of the accident, until he has fulfilled the requirements of subsection (2) of this section. * * *"

to make a full and complete response to the Supreme Court's regrettable decision in *State v. Stalheim,* 275 Or 683, 552 P2d 829 (1976).

THORNTON, J. and WARREN, J., join in this dissent.