Argued and submitted September 8, reversed and
remanded for resentencing December 9, 1981

STATE OF OREGON,
*Respondent,*

*v.*

RICKIE EUGENE TUMA,
*Petitioner.*

(TC 80-1374 and 80-1378,
CA 19285, SC 27774)

637 P2d 614

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for petitioner. With her on the brief was Gary D. Babcock, Public Defender, Salem.

David B. Frohnmayer, Attorney General, Salem, argued the cause for respondent. With him on the brief was John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Denecke, Chief Justice, and Tongue, Lent, Linde, Peterson and Tanzer, Justices.

TANZER, J.

-

## TANZER, J.

In this case, as in *State v. Dillon,* 292 Or 172, 637 P2d 602 (1981), and *State v. Eastman/Kovach,* 292 Or 184, 637 P2d 609 (1981) (decided this date), we consider the circumstances under which ORS 137.103 to 137.109 authorizes a sentence of restitution.

Defendant was convicted of two burglaries. He was sentenced to a term not to exceed 10 years. In addition, he was ordered to pay restitution to the victims of the burglaries of which he was convicted, plus several others which he admitted, for property stolen or damaged during the burglaries, and for air fare expenses incurred by several victims to fly home from other states and inventory their missing property. Defendant made timely objection to the order of restitution for air fare, claiming that it was not a loss for which restitution is authorized. The Court of Appeals affirmed without opinion.

As we discussed in the companion cases, restitution is statutorily authorized for certain damages which result from defendant's criminal activities. In this case, each burglary was criminal activity. If the victims flew home early to inventory the missing items, then any loss they suffered because of the early return was the result of criminal activity, since they would not have returned home at that time had the burglaries not occurred. For example, if they paid a higher air fare to return early or they forfeited prepaid lodging, those losses could be deemed "pecuniary damages" for which restitution could be ordered. If the victims suffered inconvenience but no financial loss attributable to the crimes, then there were no pecuniary damages.

Nothing in the record indicates whether the victims came home early because of the burglaries and, if so, whether they spent money they would not have had to spend otherwise. The only information is in the presentence report. It discloses nothing beyond the bare fact that the victims came home hurriedly and spent a stated amount to do so. For the amounts spent for air fare to be deemed damages, there must be some showing that they were incurred because of the burglaries.

Reversed and remanded for resentencing.