733 P.2d 365

STATE of New Mexico,
Plaintiff-Appellee,

v.

Estela L. MADRIL,
Defendant-Appellant.

No. 9501.

Court of Appeals of New Mexico.

Jan. 15, 1987.

Hal Stratton, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Bruce Rogoff, Asst. Appellant Defender, Santa Fe, for defendant-appellant.

## OPINION

FRUMAN, Judge.

Following the burglary of a neighbor's residence, defendant was charged with intentionally receiving stolen property over one hundred dollars, contrary to NMSA 1978, Section 30–16–11 (Repl.Pamp.1984).

At some time during the pendency of this charge, the property that had been in defendant's possession was returned to the victim. Other property taken in the burglary and valued at approximately $4,892 was not recovered. Defendant was not charged with burglary and did not admit to any of the elements of burglary or conspiracy to commit burglary. Defendant entered a plea of nolo contendere to the charge of receiving and concealing stolen property and, as a condition of her probation, was required to "make restitution to the victim in the amount of $4892." Defendant raises two issues on appeal: (1) whether this restitution requirement is authorized by law; and (2) whether the restitution provision is constitutional. Because we resolve this appeal under the statutory grounds of the first issue, we need not reach the constitutional question in the second issue. We affirm in part and reverse in part.

Defendant claims that the requirement of victim restitution under NMSA 1978, Section 31–17–1 (Repl.Pamp.1981), is not authorized here because the damages of $4,892 were not caused or admitted to have been caused by defendant and were based on an uncharged offense. The state contends that restitution was correctly assessed against defendant under the public policy of Section 31–17–1 and under the conditions of probation found in NMSA 1978, Section 31–20–6(A), (F) (Cum.Supp. 1986).

Section 31–17–1(A) provides, in part, that "[i]t is the policy of this state that restitution be made by each violator of the Criminal Code of New Mexico to the victims of his criminal activities...."

This court has stated that the public policy behind Section 31–17–1 is to: "1) make whole the victim of the crime to the extent possible; and 2) to remind the defendant of his wrongdoing and to require him to repay the costs society has incurred as a result of his misconduct." *State v. Taylor,* 104 N.M. 88, 96, 717 P.2d 64, 72 (Ct.App.), *cert. denied,* 103 N.M. 798, 715 P.2d 71 (1986). *See State v. Lack,* 98 N.M. 500, 650 P.2d 22 (Ct.App.), *cert. denied,* 98 N.M. 478, 649 P.2d 1391 (1982). If a sentence is deferred or suspended, Section 31–17–1(B) mandates that the court require a defendant, as a condition of probation, to make restitution to the victim for actual damages caused by the crime for which the defendant was convicted. *State v. Taylor; State v. Lack.*

Section 31–17–1(A) defines what "victim," "actual damages," "criminal activities" and "restitution" mean in this context. A "victim" is "any person who has suffered actual damages *as a result of the defendant's criminal activities*[.]" § 31–17–1(A)(1). (Emphasis added.) "Actual damages" are "all damages which a victim could recover against the defendant in a civil action *arising out of the same facts or event.*" § 31–17–1(A)(2). (Emphasis added.) "Criminal activities" include any crime for which there is a guilty plea or guilty verdict and *"any other crime ... which is admitted or not contested."* § 31–17–1(A)(3). (Emphasis added.) "Restitution" is the "payment of actual damages to a victim." § 31–17–1(A)(4).

We interpret these statutory provisions as requiring a direct, causal relationship between the criminal activities of a defendant and the damages which the victim suffers. *See State v. Eastman,* 51 Or.App. 723, 626 P.2d 956, *aff'd,* 292 Or. 184, 637 P.2d 609 (1981). Restitution must be limited by and directly related to those criminal activities. *State v. Insabella,* 190 N.J.Super. 544, 464 A.2d 1165 (1983). Other jurisdictions agree with this analysis.[1]

In determining whether a direct or causal relationship exists between a defendant's criminal activities and the dam-

---

1. Some of the recent decisions include: *United States v. Burger,* 739 F.2d 805 (2d Cir.1984); *United States v. Tyler,* 767 F.2d 1350 (9th Cir. 1985); *Barnes v. State,* 489 So.2d 1182 (Fla.App. 1986); *People v. Daniels,* 113 Ill.App.3d 523, 69 Ill.Dec. 291, 447 N.E.2d 508 (1983); *State v.* *Olson,* 381 N.W.2d 899 (Minn.App.1986); *State v. Froneberger,* 81 N.C.App. 398, 344 S.E.2d 344 (1986); *State v. Dillon,* 292 Or. 172, 637 P.2d 602 (1981); *Commonwealth v. Cooper,* 319 Pa.Super. 351, 466 A.2d 195 (1983); *State v. Knapp,* 147 Vt. 56, 509 A.2d 1010 (1986).

age suffered by a victim of those activities, an adequate evidentiary basis must be presented. *See State v. Lack.* Mere speculation or supposition as to that relationship will not suffice. *Cumhuriyet v. People,* 200 Colo. 466, 615 P.2d 724 (1980) (en banc). Awarding restitution to the victim is improper where a defendant does not admit liability for the crime, was not convicted of the crime, or does not plead guilty to the crime. *State v. Elkins,* 489 So.2d 232 (La.1986); *State v. Froneberger; State v. Cox,* 35 Or.App. 169, 581 P.2d 104 (1978).

■ In the present case, there is no evidence in the record showing either a direct or a causal relationship between defendant's criminal activity of receiving stolen property, which was returned to the victim, and the victim's damage of $4,892, constituting the value of other property taken in the burglary. Defendant denied any involvement in the burglary and was never charged with burglary. There is no evidence in the record to indicate that defendant participated in the burglary of her neighbor's residence or that she had knowledge that would lead to the discovery of the unrecovered stolen items, valued at $4,892. Defendant's participation in the burglary was premised on nothing more than speculation by the state. We find such speculation insufficient to establish the requisite relationship between defendant's criminal activities and the victim's damages pursuant to Section 31–17–1.

Defendant also asserts that we should look to principles of civil law for guidance in interpreting the "actual damages" definition in Section 31–17–1(A)(2). The state argues that this definition does not require defendant's liability for restitution to be established by a full evidentiary hearing equivalent to a civil trial nor by a preponderance of the evidence. Because we have found that the relationship required for assessing victim restitution under Section 31–17–1 is not present here, we need not consider this assertion.

The state also contends that restitution was correctly assessed under Section 31–20–6(A), (F). When a sentence is deferred or suspended, Section 31–20–6 requires the imposition of reasonable conditions as are deemed necessary to the court to ensure a defendant's compliance with law. Section 31–20–6(F) permits requiring a defendant "to satisfy any other conditions reasonably related to his rehabilitation." With respect to restitution, however, Section 31–20–6(A) permits requiring a defendant "to make restitution pursuant to the provisions of Section 31–17–1."

In two prior instances, this court has considered whether restitution orders were appropriately authorized by Section 31–17–1. *State v. Hernandez,* 104 N.M. 97, 717 P.2d 73 (Ct.App.), *cert. denied,* 103 N.M. 798, 715 P.2d 71 (1986); *State v. Taylor.* However, our analysis in these cases did not address the direct relationship requirement in Section 31–17–1 and relied instead on the provision and purposes of Section 31–20–6(F). Since the facts in this case differ from those in *State v. Hernandez* and *State v. Taylor,* we do not overrule them. They were concerned with the restitution of money received by the defendants during the course of the specific criminal activities for which they were convicted. In the present case, a direct relationship between the victim's damages and defendant's criminal activities is absent. Moreover, defendant's rehabilitation could not be furthered by making restitution for a crime for which she was not convicted.

CONCLUSION

The condition of probation requiring defendant to make restitution in the amount of $4,892 is not authorized by law and is therefore void and set aside. The remainder of the judgment, sentence and jail commitment is affirmed. An amended judgment, sentence and jail commitment is to be entered consistent with this opinion.

IT IS SO ORDERED.

BIVINS and MINZNER, JJ., concur.