Argued and submitted April 27, affirmed in part; reversed in part, and remanded for resentencing May 31, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## DOLORES DELAPAZ GUERRERO,
*Appellant.*

(C93-08-35965; CA A82756)

896 P2d 14

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Stephanie S. Andrus, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendant, who was convicted of failure to perform the duties of a driver, ORS 811.705(1), appeals, asserting that the trial court erred in requiring him to pay restitution under ORS 137.106. He argues, particularly, that the state failed to prove that the conduct for which he was convicted "resulted in" pecuniary damages, as required by ORS 137.106. We affirm defendant's conviction, reverse the imposition of restitution, and remand for resentencing.

Defendant was involved in a collision with a motorcyclist in which the cyclist, Maurer, was seriously injured. Defendant fled the scene without assisting Maurer, and Maurer died soon thereafter from his injuries. Defendant was indicted on charges of manslaughter in the second degree, ORS 163.125, failure to perform the duties of a driver, ORS 811.705, and driving under the influence of intoxicants, ORS 813.010. Defendant pleaded guilty to failure to perform the duties of a driver, and the other charges were dismissed. The court sentenced defendant to 12 months of incarceration, 24 months of post-prison supervision, and imposed restitution in the amount of $23,242.75, to be paid to Maurer's mother. The restitution award represented the total of Maurer's accident-related medical expenses of $15,056.75, ambulance costs of $662.52, and funeral expenses of $7,524.

■     Under ORS 137.106(1), a court may order restitution to a victim "[w]hen a person is convicted of criminal activities * * * which have resulted in pecuniary damages." Accordingly, there are three prerequisites for an award of restitution: (1) criminal activities; (2) pecuniary damages; and (3) a causal relationship between the two. *State v. Dillon*, 292 Or 172, 181, 637 P2d 602 (1981). It is the state's burden to "investigate and present to the court, prior to or at the time of sentencing, evidence of the nature and amount of such damages." ORS 137.106(1); *State v. Anderson*, 113 Or App 416, 420, 833 P2d 321 (1992).

■     ORS 137.103(1) defines "criminal activities" to include "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant." ORS 137.103(2) defines "pecuniary damages" as

"all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities[.]" Here, defendant contends that the state failed to show that the damages that are the subject of the restitution award — medical, ambulance, and funeral expenses — resulted from his failure to perform the duties of a driver. ORS 811.705(1) reads, in part:

> "A person commits the offense of failure to perform the duties of a driver to injured persons if the person is the driver of any vehicle involved in an accident that results in injury or death to any person and does not do all of the following:
>
> "* * * * *
>
> "(e)  Render to any person injured in the accident reasonable assistance, including the conveying or the making of arrangements for the conveying of such person to a physician, surgeon or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such conveying is requested by any injured person."

In particular, defendant reasons that, whatever the causal connection between the accident and Maurer's damages, he did not admit, and was not convicted of, any criminal activity pertaining to causing the accident. Rather, defendant asserts, his only criminal activity was fleeing the accident scene without assisting Maurer, and there was no proof that that conduct resulted in pecuniary damage to Maurer or his estate. We agree.

At the sentencing hearing, the state did not present any evidence, including expert medical testimony, that defendant's failure to stop and assist Maurer contributed to Maurer's death. Indeed, in arguing for an upward departure sentence, the district attorney stated that

> "the fact that [defendant] ran away didn't cause a further injury or death. I think the evidence is pretty clear that Mr. Maurer died from the impact. Whether [defendant] stayed there or ran away, the victim died and was going to die anyway because of the collision."

Nonetheless, the trial court concluded that, because the victim was alive immediately following the accident, there existed a possibility that he could have been saved. The court said:

"[Defendant], having fled the scene, fled when the victim was alive, that if he had discharged his responsibility under the statute, the victim may possibly — I don't know, *there was no evidence one way or the other medically, but he perhaps could have been saved.*

"\* \* \* \* \*

"The distinction that I'm trying to express is that had he not fled, had he discharged his obligations, perhaps there would be no death in this case. Injuries, yes; death, maybe not." (Emphasis supplied.)

The court's inference of causation was impermissibly speculative. There was no evidence from which the court could draw a reasonable inference that defendant's failure to assist Maurer resulted in medical and ambulance expenses greater than those caused by the accident itself. Nor was there any evidence supporting a reasonable inference that Maurer's injuries were not otherwise fatal and that defendant's failure to assist contributed to Maurer's death. The mere fact that Maurer was not killed in the accident, but survived for a short time thereafter, does not permit an inference that his injuries would not have been fatal if he had received prompt medical attention.

Ultimately, this case is indistinguishable from *State v. Eastman/Kovach*, 292 Or 184, 637 P2d 609 (1981). There, the court considered whether a defendant convicted of leaving the scene of an accident without performing statutory duties[1] may be sentenced to pay restitution for damages resulting from the accident. The defendant Eastman had left the scene of an accident where two people were left severely injured. The court concluded that restitution was not available because the damages, *i.e.*, medical bills, did not result from the defendant's failure to remain. In so holding, the court explained that the accident was "neither criminal nor an activity," and that only the failure to perform the statutory duties was criminal. *Id.* at 189. Thus, in *Eastman/Kovach*, as here, "[a]ctivities which were criminal commenced *after* the accident occurred," *id.* at 190 (emphasis supplied), and restitution was improperly imposed. *See State*

---

[1] At the time *Eastman/Kovach* was decided, the statutory duties for a driver of a vehicle involved in an accident were provided in *former* ORS 483.602, *repealed by* Or Laws 1983, ch 338, § 978.

*v. Potter*, 103 Or App 463, 798 P2d 690 (1990) (where state did not attempt to establish when dent in car occurred, nothing in record showed that dent resulted from defendant's theft of car, and so it was improper to order restitution).

Conviction affirmed; imposition of restitution reversed; remanded for resentencing.