Argued and submitted August 28, vacated in part; remanded in part; otherwise
affirmed November 1, 2000

# STATE OF OREGON,
*Respondent,*

*v.*

# RONALD PIAZZA,
*Appellant.*

# (99CR0410; CA A107746)

13 P3d 567

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, State Public Defender.

Kathleen Mary Cegla, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Warren, Senior Judge.

BREWER, J.

## BREWER, J.

Defendant appeals from his conviction for failure to perform the duties of a driver when property is damaged as a result of a motor vehicle accident. ORS 811.700.[1] Defendant assigns error to the trial court's imposition of restitution as a part of the sentence. We review sentencing decisions for errors of law. ORS 138.222(4). We vacate the restitution award and remand for resentencing.

Defendant was involved in a two-vehicle collision and was charged by information with violating ORS 811.700, an offense commonly termed "hit-and-run." Defendant pled guilty to the information, which alleged that he was involved in a motor vehicle accident, that he failed to take reasonable steps to provide information to any other person involved, and that he did not attempt to find the owner of the other vehicle. Defendant objected to the imposition of restitution on the ground that there was "no evidence [in the record] related to causation of the accident." The prosecutor replied that ORS 811.706[2] authorized restitution. According to the prosecutor, that statute was intended to supersede several appellate decisions holding that restitution could not be imposed in hit-and-run cases unless the damages at issue were directly related to the defendant's leaving the scene of the accident. *See, e.g., State v. Eastman / Kovach*, 292 Or 184, 637 P2d 609 (1981). Defendant responded that ORS 811.706 expressly requires that the accident and any damages resulting in restitution must be caused by the defendant. Despite defendant's argument, the sentencing court imposed restitution.

On appeal, defendant argues that the sentencing court did not find that he caused the accident resulting in the victim's damages and that such a showing is required by ORS

---

[1] ORS 811.700 requires a driver of a car involved in a motor vehicle accident that results in property damage to stop and exchange specified information with the other driver. *See State v. Kappelman*, 162 Or App 170, 172 n 1, 986 P2d 603 (1999).

[2] ORS 811.706 provides:

"When a person is convicted of violating ORS 811.700 or 811.705, the court, in addition to any other sentence it may impose, may order the person to pay an amount of money equal to the amount of any damages caused by the person as a result of the incident that created the duties in ORS 811.700 or 811.705."

811.706. *See Kappelman,* 162 Or App at 174 (holding that if a defendant convicted of hit and run "caused" the accident, the defendant may be ordered to pay restitution for damages resulting from the accident). Defendant also argues that the evidence was insufficient to establish that he caused the accident and, thus, the requirement of *Kappelman* was not met. The state does not contest defendant's interpretation of ORS 811.706. The state also concedes that the trial court made no express finding regarding causation. However, the state makes four arguments in response: (1) that defendant did not preserve the claimed error; (2) that there was sufficient evidence in the record to support a finding that defendant caused the accident and resulting damages; (3) that we can infer that the trial court found that defendant caused the accident from the fact that it imposed restitution; and alternatively, (4) that the state was prepared to prove causation, but "was prevented from showing that defendant *had* caused the accident * * *."

■     First, we consider the state's preservation argument. The state acknowledges that defendant brought the causation issue to the court's attention while it was considering the meaning of ORS 811.706. The state contends, however, that defendant did not preserve the claimed error because he did not object to the court's failure to make a finding on the causation issue at the time it imposed restitution. A party claiming error must present the error to the trial court before we will consider it on appeal. ORAP 5.45(2); *see generally State v. Hitz,* 307 Or 183, 188, 766 P2d 373 (1988) (noting distinctions between raising an issue at trial, identifying a source for a claimed position, and making particular arguments: "The first ordinarily is essential, the second less so, the third least.").

It is true that one of defendant's arguments on appeal is that the sentencing court was required to find on the record that he caused the accident before imposing restitution but failed to do so. The state correctly observes that defendant did not raise that issue before the sentencing court. Accordingly, we do not consider it further. However, defendant also argues on appeal that "no evidence before [the court] would have allowed it to [impose restitution]." The latter argument was made to the sentencing court. Defendant's

attorney told the court that ORS 811.706 "discusses causation in that it says 'money damages caused by the person as a result of the incident.' " Counsel also stated that "[t]here's no evidence here related to causation of the accident." Thus, defendant raised the *issue* of the sufficiency of the evidence to establish causation and identified the *source* of his position. That was sufficient to preserve defendant's claim of error. We turn to the state's remaining arguments.

■  As noted, the state does not contend that defendant's construction of ORS 811.706 is erroneous. Instead, it argues that there was sufficient evidence in the record to establish that defendant caused the accident and the victim's damages. The state relies solely on the statement of the victim as related by the prosecutor at the sentencing hearing:

> "The other thing that bothered [the victim] the most was too when this accident occurred it was a moving violation and the Defendant and his two passengers looked at the victim, laughed and drove off. She was startled to find that that was the action of the Defendant in taking no responsibility."

The state argues that the court was entitled to infer that defendant caused the accident because, "if the *victim* had caused the accident, it is highly unlikely that defendant would have driven off laughing." The state also argues that the victim's surprise that defendant failed to take responsibility showed that defendant caused the accident. We disagree with both of the state's contentions. The mere fact that defendant laughed when he left the scene of the accident does not support a reasonable inference that he caused the accident and any related damages. Likewise, the victim's "surprise" does not establish that defendant caused the accident and damages for which restitution was imposed. In each instance, the stacking of inferences that the state urges is simply too speculative. *See State v. Guerrero*, 134 Or App 619, 623, 896 P2d 14 (1995) (court's inference that defendant's failure to assist victim caused damages for which restitution was sought was "impermissibly speculative" when there was no evidence that victim would have survived but for the defendant's failure to render medical assistance); *see also Wood v. Baldwin*, 158 Or App 98, 103, 972 P2d 1221, *rev den* 329 Or 61 (1999) (witness's statement that petitioner "didn't

have any connection or knowledge" of a crime did not tend to subject witness to criminal liability; inferences would have to be stacked to the point of speculation in order to so find). Accordingly, the state did not present evidence that would support a finding that defendant caused "any damages * * * as a result of the incident that created the duties in ORS 811.700 * * *."

The state next responds that we can infer that the sentencing court found that defendant caused the accident and the victim's damages merely because the court imposed restitution. *See Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968). That argument also is unavailing because, as we have already concluded, there was insufficient evidence in the record to support such a finding.

■ Finally, we consider whether the appropriate disposition on remand is merely to vacate the restitution award or, alternatively, to order resentencing. Here, as in *Kappelman,* the trial court decided to impose restitution without regard to the issue of causation. The issue of restitution was raised when defendant entered his guilty plea, several days before sentencing:

"[PROSECUTOR]: * * * We did have restitution amounts for damage to the vehicle and she does have some ongoing medical expenses and I have those amounts too.

"THE COURT: The Court of Appeals says I can't do that in a hit and run because * * * the action of leaving the scene of the accident, is not the cause of the damage. The cause of the damage is the negligent running into it. So I'm not allowed to do restitution in hit and runs.

"[PROSECUTOR]: I thought there was a specific statute that allows us to do restitution for the vehicle in a hit and run case.

"* * * * *

"THE COURT: [Defense Counsel,] any information?

"[DEFENSE COUNSEL]: Your Honor, other than I have some of the cases relating to restitution. I have a 1997 case which indicates that there has to be a relationship between an aggravated injury and the fact that he ran. So there has to be some aggravation to the injury as a result of

him leaving the scene of the accident and the State has to prove that in order to obtain restitution under the case law. I'm not sure which statute [the prosecutor] is referring to.

"* * * * *

"THE COURT:   * * * As far as I know * * * I don't have the authority to impose restitution in a * * * Failure to Perform the Duties of a Driver case.

"* * * * *

"[PROSECUTOR]:   Your Honor, the statute's 811.706.

"* * * * *

"THE COURT:   Do either one of your cases address that [statute] because my memory doesn't recall them addressing that statute."

Neither of the attorneys cited any further authority. As a consequence, the court took the matter under advisement and set a sentencing hearing for two days later. The court opened the sentencing hearing with a discussion of ORS 811.706:

"THE COURT:   There hasn't been a case [interpreting ORS 811.706] that worked its way up [to the appellate courts] yet.

"[PROSECUTOR]:   [The statute] [c]ertainly seems to fit [this case.]

"THE COURT:   Well, I assume it was passed for the very reason because of the case law that says you couldn't do that because * * * [t]he old case law in hit and run used to be it wasn't the fact that you ran from the vehicle accident that caused the injury unless that exacerbated the injury because you didn't get to medical attention immediately * * *.

"* * * * *

"THE COURT:   So, without appellate court guidance I'd certainly have to read the intent of the legislature is, is they have reversed legislatively the cases we discussed the other day.

"You want to have an objection for the record?"

Defense counsel then objected primarily because there was "no evidence * * * related to causation of the accident." Counsel stated that she did not know the legislature's purpose in enacting ORS 811.706, but she thought that there still had to be a causal relationship between the criminal activity and the victim's damages. Without consulting the prosecutor, the court responded:

> "So I think that what they intended to do was to wipe out * * * that case. So I'm going to allow restitution if I find that there's an ability to pay and there's adequate proof of the restitution."

The court then considered defendant's ability to pay and imposed restitution. The court apparently accepted the state's argument that the "run" itself no longer had to be the cause of the victim's damages. It apparently was not persuaded by defendant's response that, irrespective of the state's argument, there must be evidence that he had *in fact* caused the accident and resulting damages.

In *Kappelman*, "[t]he trial court did not rule that particular evidence bearing on causation was irrelevant or inadmissible. Rather, the trial court concluded that *any* evidence relating to causation was irrelevant * * *." 162 Or App at 176 n 7 (emphasis in original). Thus, the trial court's ruling effectively precluded the defendant from introducing evidence that he did not cause the accident. *Id.* Here, the sentencing court's construction of ORS 811.706 effectively removed defendant's specific causation argument from further consideration and thus foreclosed the necessity of any response to it by the state. Therefore, as in *Kappelman*, we remand for resentencing in order to permit the parties to present evidence relating to causation in accordance with ORS 811.706.

Order of restitution vacated; remanded for resentencing; otherwise affirmed.