This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                        **No. A-1-CA-36707**

**TONY ROMERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**T. Glenn Ellington, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant Tony Romero appeals from the district court's judgment and sentence ordering Defendant to pay $4,666.01 in restitution. This Court issued a

calendar notice proposing to affirm the district court's decision. Defendant has responded by filing a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2}    In his memorandum in opposition, Defendant maintains that the restitution amount set by the district court was improper because restitution requires "a direct causal relationship between the criminal activities of a defendant and the damages which the victim suffers." [MIO 4 (quoting *State v. Madril*, 1987-NMCA-010, ¶ 6, 105 N.M. 396, 733 P.2d 365)] Thus, Defendant continues to argue that his conviction for attempted embezzlement cannot give rise to the $1,750.00 down payment for the work paid to Defendant; the $801.61 for paint and materials provided by victim to Defendant; the $670.40 victim spent to reacquire and fix the vehicle; and the $1,244.00 victim paid in car insurance while not having possession of the vehicle. [MIO 6] We disagree.

{3}    As this Court pointed out in its calendar notice, a victim is entitled to "all damages which a victim could recover against the defendant in a civil action arising out of the same facts or event"; although it is required that there be a "direct, causal relationship between the criminal activities of a defendant and the damages which the victim suffers." NMSA 1978, § 31-17-1(A)(2) (2005); *Madril*, 1987-NMCA-010, ¶ 6. Further, as we pointed out in this Court's calendar notice, our case law adopts a fairly

broad interpretation of this standard. *See State v. Ellis*, 1995-NMCA-124, ¶ 3, 120 N.M. 709, 905 P.2d 747 (allowing for $7,640.22 in restitution based on a theft of $211.00). We therefore find Defendant's argument for a much more narrow interpretation of the restitution statute unavailing.

{4} Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{5} **IT IS SO ORDERED.**


 

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


 

**STEPHEN G. FRENCH, Judge**


 

**HENRY M. BOHNHOFF, Judge**