This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **No. A-1-CA-35558**

**DARYL RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Henry R. Quintero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Elizabeth Ashton, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BOHNHOFF Judge.**

{1}     Defendant Daryl Rodriguez appeals the district court's order of restitution. Defendant was convicted in magistrate court of a misdemeanor charge of receiving stolen property valued over $250 but less than $500 pursuant to NMSA 1978, Section 30-16-11(E) (2006), and ordered to pay restitution in the amount of $1,337.53. Defendant appealed de novo to the district court on the issue of restitution. The district court entered an order awarding restitution in the amount of $1,402.53: $1,337.53 in property damage plus a $65.00 towing fee. On appeal to this Court, Defendant challenges whether the $1,337.53 property damage restitution award was authorized by law and supported by substantial evidence. We reverse the $1,337.53 property damage restitution award.

**BACKGROUND**

{2}     On August 4, 2015, Defendant was convicted in magistrate court of receiving stolen property, namely, a 1970 Nomad travel trailer. Defendant's sentence was suspended and he was ordered to pay restitution in the amount of $1,337.53 as a condition of probation.

{3}     Defendant appealed his judgment and sentence to district court for a trial de novo. Defendant later withdrew the appeal of his conviction and pursued only the appeal of the restitution award. On February 29, 2016, the district court conducted a restitution hearing. During the hearing, the owner of the trailer, Imelda Villalobos,

2

testified. She testified that she had purchased the trailer for her mother ten years earlier and that in 2013 it disappeared. She had originally paid $1,300 for the trailer. Before the trailer was stolen, it was in good condition, clean, and well taken care of. When her son, Ricky Villalobos, found the trailer in 2015, the trailer was in terrible condition and everything inside was destroyed. On direct examination of Ms. Villalobos, the prosecutor established that the suggested retail price of the trailer was $1,875, that the cost to repair the damage to the trailer would be $1,300, and that the belongings inside the trailer that were destroyed were worth $500.

{4}     Ricky Villalobos then testified that the trailer was in good condition before it was stolen. He found the trailer when he happened to drive by Defendant's property in search of old cars to purchase. He did not know how long the trailer had been on Defendant's property; it cost $65 to tow the vehicle off of Defendant's property. The trailer was in "very bad shape" when it was recovered.

{5}     During closing argument, defense counsel argued that there was no evidence that Defendant caused any damage to the trailer and, accordingly, Defendant could not be ordered to pay for the damage. Defendant was not convicted of taking the trailer or of criminal damage to the trailer. Rather, he was convicted solely of possessing stolen property. Defense counsel also argued that there was no evidence of how Defendant received the trailer, when he received the trailer, or how long he had it.

Indeed, defense counsel concluded "there's nothing to say [Defendant] didn't receive [the trailer] after a year and nine months with all of the damage already done to it."

{6}     The district court orally ruled that there was no evidence from defense counsel that Defendant did not cause the damage to the trailer. The district court continued that Defendant had a legal, moral, and ethical obligation to report that the trailer was on his property and that "to argue only by argument and no evidence whatsoever that he did not cause the damage is, at a minimum, disingenuous." The district court also stated that it did not know the condition of the trailer when Defendant moved onto the property, and had he moved in with the trailer already damaged, he could have immediately reported it as being on his property. The district court awarded restitution of $1,402.53: $1,337.53 in property damage plus a $65 towing fee.

**DISCUSSION**

{7}     Defendant argues that the district court erred in ordering restitution for the property damage because Defendant was not convicted of damaging the property and restitution must be tied to the crime for which he was convicted. Thus, Defendant contends, the restitution order was not authorized by statute and the restitution award was not supported by substantial evidence.[1]

---

[1]Defendant argues that, while NMSA 1978, Section 31-20-6 (2007), permits the court to require the Defendant to satisfy any other conditions reasonably related to the Defendant's rehabilitation, NMSA 1978, Section 31-17-1 (2005), the more specific statute, governs the circumstances under which restitution may be ordered. *See State*

{8}     The determination of the amount of restitution is reviewed for abuse of discretion. *See State v. Lack*, 1982-NMCA-111, ¶ 23, 98 N.M. 500, 650 P.2d 22 (finding that ordering restitution is part of the sentencing process); *see also State v. Bonilla*, 2000-NMSC-037, ¶ 6, 130 N.M. 1, 15 P.3d 491 ("A trial court's sentencing is reviewed for abuse of discretion."); *State v. Ellis*, 1995-NMCA-124, ¶ 20, 120 N.M. 709, 905 P.2d 747 (reviewing the amount of restitution awarded for abuse of discretion). "[A] trial court abuses its discretion when it exercises its discretion based on a misunderstanding of the law." *State v. Vigil*, 2014-NMCA-096, ¶ 20, 336 P.3d 380. "Statutory interpretation is an issue of law, which we review de novo." *State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50.

{9}     The statute governing victim restitution states that "[i]t is the policy of this state that restitution be made by each violator of the Criminal Code . . . to the victims of his criminal activities to the extent that the defendant is reasonably able to do so." Section 31-17-1. The basic restitution requirements derive from the definitions within the statute:

        (1) "victim" means any person who has suffered *actual damages as a result of the defendant's criminal activities*;

---

*v. Santillanes*, 2001-NMSC-018, ¶ 7, 130 N.M. 464, 27 P.3d 456 ("[Under the general/specific rule of statutory construction,] the more specific statute will prevail over the more general statute absent a clear expression of legislative intent to the contrary."). Because the State does not justify the restitution order in this case on the basis of Section 31-20-6, we do not address it either.

(2) "actual damages" means all damages which a victim could recover against the defendant in a civil action arising out of the same facts or event[;]

(3) *"criminal activities" includes any crime for which there is a plea of guilty or verdict of guilty*, upon which a judgment may be rendered and any other crime . . . which is admitted or not contested by the defendant; and

(4) "restitution" means full or partial payment of actual damages to a victim.

Section 31-17-1 (emphases added).

{10}     In *State v. Madril*, 1987-NMCA-010, ¶¶ 5,6, 105 N.M. 396, 733 P.2d 365, this Court interpreted Section 31-17-1 "as requiring a direct, causal relationship between the criminal activities of a defendant and the damages which the victim suffers." "In determining whether a direct or causal relationship exists between a defendant's criminal activities and the damage suffered by a victim of those activities, an adequate evidentiary basis must be presented." *Id.* ¶ 7. Further, "[m]ere speculation or supposition as to that relationship will not suffice. Awarding restitution to the victim is improper where a defendant does not admit liability for the crime, was not convicted of the crime, or does not plead guilty to the crime." *Id.* (citation omitted).

{11}     In *Ellis*, 1995-NMCA-124, ¶ 10, this Court likewise held that "restitution pursuant to Section 31-17-1 is limited by, and directly related to, . . . [the] crime for which there is a plea of guilty or verdict of guilty[.]" Section 31-17-1 "clearly focuses the conduct for which a defendant may be ordered to pay restitution to only the specific offenses of which the defendant has been convicted." *Id.* We further

6

explained that the pertinent question in assessing restitution is "[w]hat damages could the [victim] recover in a civil action against [the d]efendant arising from the . . . criminal charges" to which he pleaded guilty. *Id*. ¶¶ 10, 15.

{12}     Defendant argues that he was not convicted of larceny (from which under the facts of this case the court could reasonably infer that the damage occurred while it was in his possession) or of criminal damage to property and did not otherwise admit to damaging the trailer. Rather, he was convicted only of receiving stolen property. Defendant argues that the State failed to present any evidence establishing the condition of the trailer at the time it arrived on Defendant's property, how long the trailer had been on Defendant's land, or that Defendant was responsible for the damage to the trailer. Thus, there was no evidence that the Defendant caused the damage to the trailer, and as such, the restitution that the district court ordered was not directly and causally related to his crime. We agree.

{13}     The question facing this Court is whether the evidence established a direct, causal relationship between Defendant's crime of receiving stolen property and the victim's damages, where the trailer was recovered but in a damaged condition. Effectively, there must be proof that in receiving the stolen property Defendant somehow caused the damage. *See Madril*, 1987-NMCA-010, ¶ 6; *see also Ellis*, 1995-NMCA-124, ¶ 10.

**{14}** The State does not contend that the district court had any evidence that could establish when Defendant acquired the trailer or the trailer's condition at that point. The State instead points only to the following: the jury found that Defendant received stolen property, Defendant was in possession of the trailer, the trailer was in clean and working condition before it was stolen, and when it was found and recovered the trailer was in a damaged condition.

**{15}** The State's evidence falls short. It establishes that the trailer was damaged sometime after it was stolen in 2013 and before it was recovered in 2015. The State presented evidence of the trailer's purchase price, replacement value, and repair cost. However, because there is no evidence, direct or circumstantial, that would provide some basis for determining when Defendant received the trailer or the condition it was in whenever he did receive it, there is no proof that the damage was caused by Defendant as opposed to someone else. The district court necessarily would have to speculate to reach the conclusion that Defendant damaged the trailer, which is impermissible. *See Madril*, 1987-NMCA-010, ¶ 7 ("In determining whether a direct or causal relationship exists between a defendant's criminal activities and the damage suffered by a victim of those activities, an adequate evidentiary basis must be presented. Mere speculation or supposition as to that relationship will not suffice." (citations omitted)).

{16} The State cites *State v. Pippin,* 496 N.W.2d 50 (N.D. 1993), as authority for its argument that the district court reasonably could have inferred that Defendant was responsible for the damage done to the trailer. *Pippen*, however, is distinguishable. There, the defendant's husband stole property and brought it to their home. 496 N.W.2d at 51, 53. After the stolen property was discovered in the home, the defendant was charged and convicted of possession of stolen property. *Id.* at 51. The court reversed other aspects of a restitution order, but with minimal discussion ruled that the defendant could be held responsible for the lost value of any of the stolen property that was damaged. *Id.* at 53. The North Dakota Supreme Court could reasonably infer that any damage to the property was sustained while it was in the possession of the defendant and her husband, since it was brought to their home following the theft. However, here, we could not reach that conclusion, because there was no evidence when Defendant received the trailer or what condition the trailer was in when he received it.

{17} Furthermore, the district court erroneously relied on the fact that Defendant did not offer any evidence that he was not responsible for the damage done to the trailer. The district court improperly shifted the burden of proof. The State has the burden of proving a direct, causal relationship between a defendant's criminal activities and a victim's actual damages. *Cf. Madril*, 1987-NMCA-101, ¶ 7 (requiring "an adequate

9

evidentiary basis . . . be presented" to support restitution); *Lack*, 1982-NMCA-111, ¶ 14 (setting out procedural process for restitution hearing and requiring only that the defendant "specify whether he contests any amount of actual damages"). The defendant was not required to disprove any responsibility for any of the damages. *Id.* In addition, the district court stated that Defendant failed to report the presence of the trailer on his property. While this fact arguably would support the underlying crime of receiving stolen property, it is irrelevant to the question of whether or not the trailer was damaged when Defendant acquired it. Ultimately, the lack of evidence presented linking the damage to the stolen property to Defendant's receipt of it is fatal to the causal connection requirement.

**CONCLUSION**

{**18**}     For the foregoing reasons, we reverse the district court's $1,337.53 property damage restitution award.

{**19**}     **IT IS SO ORDERED.**

_____
**HENRY M. BOHNHOFF, Judge**

**WE CONCUR:**

_____

10

**M. MONICA ZAMORA, Judge**

_____
**JENNIFER L. ATTREP, Judge**