Submitted on record and briefs October 12, 1981,
reversed and remanded for resentencing June 23, 1982

STATE OF OREGON,
*Respondent,*
*v.*
ELIZABETH FORCUM,
*Appellant.*

(No. 10-80-05149, CA A20115)

646 P2d 1356

Gary D. Babcock, Public Defender, and Marilyn C. McManus, Deputy Public Defender, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and James E. Mountain, Jr., Deputy Solicitor General, Salem, filed the brief for respondent.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant was found guilty of five counts of criminal nonsupport, ORS 163.555, and one count of child neglect. ORS 163.545. She appeals only her conviction for child neglect.

Defendant is the mother of five children, ranging in age from six to sixteen. On April 18, 1980, a sheriff's deputy found Robert, age 16, drunk in the yard of the family home. Pamelia, age 6, and Sheryl, age 11, were standing barefoot and extremely dirty in the doorway of the house, which was blocked by a broken down washer and dryer. The stench from the house was perceptible at a distance of 30 feet.

The sanitary conditions of the house can charitably be described as horrible. Thousands of flies were in the kitchen. The officer's body became covered with them when he opened a cupboard. There were no clean dishes, and the refrigerator contained only seven hot dogs, some other decaying food and dirt. The floors of the house were strewn with garbage and trash, and the deputy had to walk calf-deep through trash bags down a hallway. The toilets were plugged and were filled with feces and urine, and the floor of one bathroom was rotted through. There were no clean clothes for the children. The telephone was unplugged. No one else was at home.

After the deputy's arrival, Linda, age 13, and Mitchell, age 6, returned from the grocery store. Shortly thereafter, defendant came home, carrying some groceries. She told the deputy that she had left all five children at home for one to two hours while she did some shopping. Linda and Mitchell apparently went to the store without her permission. There was no liquor in the house, and defendant said she did not know Robert was "that" drunk.[1] She acknowledged to the deputy, however, that the house was dirty and that it was unhealthy for the children to live there.

---

[1] The deputy testified:

"[Robert] was intoxicated. He was unable to walk without assistance. His speech was extremely slurred and he had bloodshot eyes and flushed face and the very strong odor of alcohol on his breath and person."

Defendant was charged with two counts of child neglect for leaving Mitchell and Pamelia unattended under the conditions described and with five counts of criminal nonsupport. At trial, she moved for judgment of acquittal with respect to the counts of child neglect. The trial court granted the motion with respect to Mitchell.[2] The other six counts were tried to the jury, and defendant was found guilty on each. She contends that there was insufficient evidence to show beyond a reasonable doubt that defendant left Pamelia unattended at home for a period of time likely to endanger the child's health and welfare.[3]

In *State v. Mills,* 52 Or App 777, 783, 629 P2d 861, *rev den* 291 Or 662 (1981), we held:

"* * * [ORS 163.545] forbids only that conduct by those having custody of a child under the age of ten years which, by the location and period of time for which a child is left unattended, constitutes a gross deviation from the standard of care which a reasonable person whould exercise in such a situation. * * * [I]t forbids and proscribes only conduct which is a gross deviation from the normal standard of care."

Similarly, in *State v. McLaughlin,* 42 Or App 215, 220, 600 P2d 474, *rev den* 288 Or 173 (1979), we said that, in order to submit to a jury the question whether a parent was criminally negligent under the statute, there must be some evidence from which it can fairly be inferred that (1) the act of the parent "* * * while doing an ordinary family chore was done without recognition of a high degree of likelihood that [the child would be endangered]; and (2) that the failure to recognize the likelihood was different in an extraordinary way from what others would have done in similar circumstances. * * *"

---

[2] The judge apparently granted the motion with respect to Mitchell because he had gone to the store under the supervision of his thirteen-year-old sister.

[3] ORS 163.545 provides:

"(1) A person having custody or control of a child under 10 years of age commits the crime of child neglect if, with criminal negligence, he leaves the child unattended in or at any place for such period of time as may be likely to endanger the health or welfare of such child.

"(2) Child neglect is a Class A misdemeanor."

Admittedly, the sanitary conditions of defendant's home were deplorable. Nevertheless, defendant's leaving Pamelia with her older brother and sisters for one to two hours while she went grocery shopping cannot be described as leaving her "unattended" or as a specific act likely to endanger the child's health or welfare. There was no showing that defendant's absence from the home created any greater risks than her presence.

The conviction under ORS 163.545 is reversed, and the case is remanded for resentencing on the other charges not appealed.