Argued and submitted November 18, 1996, affirmed March 19, petition for review
denied September 23, 1997 (326 Or 58)

## STATE OF OREGON,
*Respondent,*

*v.*

## ANN MICHELLE BLAIR,
*Appellant.*

(9603-41786; CA A93586)

935 P2d 1219

Garrett A. Richardson argued the cause and filed the brief
for appellant.

Judith Brant, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

■ Defendant appeals her conviction for attempted possession of a Schedule II controlled substance, cocaine.[1] ORS 475.992(4)(b); ORS 161.405(2)(d). We write only to address her first two assignments that the trial court erred in (1) denying defendant's motion for judgment of acquittal because there was no evidence that cocaine is a schedule II controlled substance, and (2) in instructing the jury that cocaine is a schedule II controlled substance. We affirm.

The facts giving rise to this appeal are undisputed. At the close of evidence defendant moved for a judgment of acquittal:

"[DEFENDANT]: I'd move for judgment of acquittal based on insufficient evidence being produced in this case. * * * [T]he charge is attempted possession of a controlled substance, to wit, cocaine, listed in Schedule two * * * I have heard no evidence in this case to substantiate that in fact if soda is cocaine it is a schedule two controlled substance, and so we'd move for judgment of acquittal on that basis."

The court denied defendant's motion and defendant assigns that ruling as error.

---

[1] As a threshold consideration, we note that the caption on the information in this case provides that defendant is charged under "ORS 475.992(1)" which involves the manufacture and delivery of a controlled substance. The factual allegations in the information, however, expressly accuse defendant of attempted possession of a controlled substance:

"*COUNT 1*

"ATTEMPTED POSSESSION OF A CONTROLLED SUBSTANCE

"The said defendant, on or about March 7, 1996, in the County of Multnomah, State of Oregon, did unlawfully and knowingly attempt to possess a controlled substance, to wit: cocaine, listed in Schedule II, contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

We conclude therefore, that the accusation sufficiently charges the statutory offense of attempted possession of a controlled substance. ORS 133.015(7); *see also Hammer v. U.S.*, 271 US 620, 625, 46 S Ct 603, 70 L Ed 1118 (1926) ("The offense charged is to be determined by the allegations"); 2 *Wharton's Criminal Procedure* 123-24, § 263 (Torcia, 1990). The offense was properly before the trial court, and the accusatory instrument was sufficient to invoke the trial court's jurisdiction.

Later, at the close of trial, the judge instructed the jury as follows:

"[COURT]: I instruct you that Oregon law provides as follows, that a person commits the crime of attempted possession of a controlled substance if that person unlawfully attempts to possess a controlled substance knowingly. Now, in this case to establish the crime of attempted unlawful possession of a controlled substance, the state must prove beyond a reasonable doubt the following three elements. One, that the act occurred in Multnomah County, Oregon. Two, that the act occurred on March 7, 1996, the date alleged in the information. And three, that the defendant knowingly possessed, attempted to possess a controlled substance, to wit cocaine, listed in schedule two. *You are instructed that cocaine is a controlled substance listed in schedule two.*" (Emphasis supplied.)

Defendant took exception to the court's instruction:

"[DEFENDANT]: The defense has an exception, your honor, to instructing the jury regarding schedule two. We feel that instructing the jury that this is in fact a schedule two substance is a directive to the jury to find a particular fact which is at issue that denies the defendant the right to due process and the presumption of innocence under both the state and federal constitutions as well as Oregon Statutory law."

Defendant assigns the giving of that instruction as error.

On appeal, defendant's position boils down to this: whether cocaine is a Schedule II controlled substance is a question of fact upon which the state bears the burden of proof. The state responds that the trial court did not err because cocaine is a controlled substance, listed in Schedule II, as a matter of law. The state is correct.

■■ The elements of proof of a criminal offense are controlled by the statute that defines the offense. *State v. Atkinson*, 98 Or App 48, 50, 777 P2d 1010 (1989). ORS 475.992(4) states that, "It is unlawful for any person knowingly or intentionally to possess a controlled substance[.]" ORS 475.005(6) defines "controlled substance" as a drug classified in Schedules I through V under the Federal Controlled Substances Act, 21 USC §§ 811-112, as modified under ORS 475.035.

Cocaine is classified in Schedule II and the federal schedules of controlled substances have been adopted in Oregon by administrative rule. OAR 855-80-022. Therefore, cocaine is a Schedule II controlled substance as a matter of law and the trial court did not err.

Defendant's other assignment of error lacks merit.

Affirmed.