Argued and submitted August 27, 2003, conviction on Count 2 reversed; otherwise affirmed September 15, 2004

# STATE OF OREGON,
*Respondent,*

*v.*

# TAMMY LYNN PARAGON,
*Appellant.*

D0006537M; A115738 (Control),

# STATE OF OREGON,
*Respondent,*

*v.*

# RICK PARAGON,
*Appellant.*

D0006536M; A115739
(Cases Consolidated)

97 P3d 691

Tammy W. Sun, Deputy Public Defender, argued the cause for appellants. With her on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendants were convicted after a jury trial of two counts of criminal neglect in the second degree, ORS 163.545, a Class A misdemeanor. On appeal, they challenge one of the convictions, contending that the trial court erred in denying their motion for judgment of acquittal because the evidence was insufficient to establish the elements of the offense. We conclude that the evidence was insufficient and reverse the conviction.

■      Our standard for reviewing the denial of the motion for judgment of acquittal is whether, viewing the evidence in the light most favorable to the state, any rational trier of fact could have found that the essential elements of the crime had been proved beyond a reasonable doubt. *State v. Rose*, 311 Or 274, 281, 810 P2d 839 (1991). Viewing the evidence in the light most favorable to the state, it establishes these facts: Defendants Tammy and Rick Paragon, who are husband and wife, left two of their four children, a boy aged nine, and a girl aged seven, at home for 45 minutes when they took Tammy to the doctor for a medical emergency. At that time, Tammy was on probation for a drug offense. While defendants were gone, Arrington, Tammy's probation officer came to the house. The nine-year-old opened the door and the seven-year-old stood behind him. Arrington testified that the children seemed frightened and did not appear to be in good health. On Arrington's inquiry, the nine-year-old explained that defendants were not at home. After determining the children's ages, Arrington called the police.

A short time later, defendants returned home. Officer Gillespie arrived, and Arrington and Gillespie went through the house. It is not disputed that the house was unsanitary. Arrington described a filthy scene. Gillespie testified that he saw spills on the walls and floors and piles of wet, mildewed clothes. A child's bunk bed was in disrepair. There was an odor of feces in the house.

Defendants were charged with three counts of child neglect under ORS 163.545(1), which provides:

"A person having custody or control of a child under 10 years of age commits the crime of child neglect if, with criminal negligence, the person leaves the child unattended in or at any place for such a period of time as may be likely to endanger the health or welfare of such child."

The first two counts were based on the above-described incident involving the nine-year-old and the seven-year-old, respectively. The third count was based on an earlier incident involving defendants' toddler son. The jury acquitted defendants of the count relating to the nine-year-old and convicted defendants of the counts relating to the seven-year-old and the toddler. Defendants assigned error only to the conviction relating to the seven-year-old, contending that the trial court erred in denying their motion for judgment of acquittal, because the evidence was insufficient to show that defendants' absence placed that child's health and safety in jeopardy or that defendants acted with criminal negligence.

A challenge to the sufficiency of the evidence must be preserved to be considered on appeal, unless it is plain error. *State v. Hockersmith*, 181 Or App 554, 557-58, 47 P3d 61 (2002). The state asserts that defendants failed to preserve their arguments concerning the sufficiency of the evidence. A motion for judgment of acquittal does not automatically encompass a challenge to the sufficiency of the evidence. The motion must state the specific theory on which the state's proof was insufficient. *State v. Schodrow*, 187 Or App 224, 231 n 5, 66 P3d 547 (2003) (the filing of a general motion for judgment of acquittal without specifying any theory on which the state's proof was legally insufficient preserves no ground for challenge on appeal); *State v. Shields*, 184 Or App 505, 509 n 1, 511 n 2, 56 P3d 937 (2002) (motion for judgment of acquittal based on insufficiency of evidence must raise specific theory as to why state's evidence was insufficient or the argument is not preserved for appeal). As explained below, we have reviewed the trial record and conclude that defendants preserved their argument concerning the sufficiency of the evidence.

At the close of the evidence, Green, Tammy's attorney, moved jointly with Rick's attorney for a judgment of acquittal on all counts:

"[R]ather than rehash my prior argument, I would simply
state that my prior comments still apply and I would sub-
mit that a judgment of acquittal be granted[.]"

The parties agree that the "prior comments" to which counsel
referred were comments made by Green in support of a
motion *in limine* to exclude evidence concerning the unsani-
tary condition of the house. In arguing that the evidence was
not relevant, Green offered these comments:

"I reviewed some benchmark cases on child neglect in
the second degree and I would specifically refer the Court to
[*State v. Forcum*, 58 Or App 5, 646 P2d 1356 (1982)]. The
facts of it were basically leaving the young children unat-
tended at home, and [*Forcum*] is a case where factually the
conditions of the home were deplorable. And that's the lan-
guage in the—sanitary conditions of the house can charita-
bly be described as horrible.

"Nevertheless, *there was no showing that the defen-
dant's absence from the home created any greater risk than
there would be if they were present.* And I think that's the
analysis that has to be made.

"\* \* \* \* \*

"And so I think in order for them to argue that the con-
dition of the home is relevant, *they've got to make some ini-
tial showing that the parents' absence from the home created
a greater risk than any risk that would be there if the parents
were, in fact, home.*"

(Emphasis added.) Defendants contend that, by adopting
that argument in support of their motion for judgment of
acquittal, they preserved for appeal a claim of error concern-
ing the sufficiency of the state's evidence regarding the risk of
harm to the children. We agree with defendants that the
argument was preserved. Their argument on the motion *in
limine* expressly asserted that the state's evidence of risk of
harm to the children fell short. *See State v. Dahl*, 336 Or 481,
488, 87 P3d 650 (2004); *State v. Peterson*, 190 Or App 289,
293, 79 P3d 315 (2003); *State v. Piazza*, 170 Or App 628, 632,
13 P3d 567 (2000). We now address the merits of the
contention.

■ We look first to the relevant statutory provisions.
Under ORS 163.545(1),

> "[a] person having custody or control of a child under 10 years of age commits the crime of child neglect if, with criminal negligence, the person leaves the child unattended in or at any place for such a period of time as may be likely to endanger the health or welfare of such child."

ORS 161.085(10) defines the required mental state of "criminal negligence":

> " 'Criminal negligence' or 'criminally negligent,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

In *State v. Goff*, 297 Or 635, 638, 686 P2d 1023 (1984), the court noted that the offense is made up of physical and mental elements. The physical element requires a showing of physical risk—that the child "was left unattended in or at any place for such a period of time as may be likely to endanger the health or welfare" of the child. ORS 163.545(1). The mental component of the offense requires proof that the risk of the harm described in ORS 163.545(1) was "substantial and unjustifiable." ORS 161.085(10). Criminal negligence is established if, given the reason for leaving the child in the setting and the circumstances in which the child was left, the risk of physical harm was such that the decision to leave the child was a gross deviation from the standard of care that a reasonable person would observe. *See State v. Mills*, 52 Or App 777, 783, 629 P2d 861, *rev den*, 291 Or 662 (1981); *State v. McLaughlin*, 42 Or App 215, 220, 600 P2d 474, *rev den*, 288 Or 173 (1979) (there must be evidence that the failure to recognize the likelihood of harm to the child "was different in an extraordinary way from what others would have done in similar circumstances"). In *Goff*, the court emphasized the necessity of considering the totality of the circumstances. 297 Or at 638. The physical and mental elements together require proof beyond a reasonable doubt (1) that leaving the child unattended was likely to endanger her health or welfare, (2) that the risk of that harm occurring was

substantial and unjustifiable, and (3) that the defendant's lack of awareness of that risk was a gross deviation from the normal standard of care.

The state presented no direct evidence of harm but argued at trial that the circumstances were such as to permit an inference of danger to the seven-year-old's health and welfare. For example, the unsanitary conditions of the house created the possibility that the children could become ill by eating without first washing their hands.[1] The state also discussed the possibility that unattended children might open the door for a person who might do them harm. On appeal, the state contends additionally that the nine-year-old would not have been able to care for the seven-year-old had she become ill and that the condition of the house was such that an unattended child might have been injured. In particular, the state notes that an unattended child might have opened a window over the couch and fallen more than five feet to the ground. Those are the circumstances, the state asserts, that the jury could find beyond a reasonable doubt were likely to endanger the seven-year-old's health and safety and that made defendants' conduct in leaving the children for 45 minutes a gross deviation from the reasonable standard of care.

Defendants assert, simply, that the state's evidence falls short, because being left with her nine-year-old brother in an unsanitary house for 45 minutes was not a circumstance likely to endanger the seven-year-old's health or welfare, and further, because there was no substantial or unjustifiable risk that such harm would occur. We agree with defendants that the risk that harm would occur was not likely or substantial. Although the state's evidence supports an inference of a *possibility* of danger to the seven-year-old's

---

[1] The prosecutor argued:

"Dirty diapers, food, antlers, the bathroom piles of dirty clothes, the cat litter box hadn't been changed for a long time—and I'm not trying to say to you that these two children are going to go dance around in a pile of cat poop or dive into a five-gallon container of dirty diapers, no, I'm not saying that, but is it so inconceivable that a child, while in their room, might, you know, come into contact with some germs and not wash their hands, and then eat food and ingest those germs and get sick? I mean, that's why it was likely to endanger their health and welfare."

health or welfare, the evidence is not sufficient to permit a finding beyond a reasonable doubt that, in the 45 minutes that defendants were absent from the home, the circumstances were *likely* to endanger that child's health or welfare and that there was a substantial risk of such harm.

Because we conclude that the evidence was not sufficient to establish beyond a reasonable doubt that the conditions under which the child was left for 45 minutes created a substantial risk of harm to her health or welfare, we do not address defendants' further contention, based on our *dictum* in *State v. Forcum*, 58 Or App 5, 646 P2d 1356 (1982), that a person's liability for the offense is contingent on proof that the person's absence *enhanced* the risk to the child[2] or their contention that any risk was justifiable.

Conviction on Count 2 reversed; otherwise affirmed.

---

[2] In *Forcum*, the defendant left her five children, ages six, six, eleven, thirteen, and sixteen, home for one to two hours to go shopping. The oldest child was intoxicated. The thirteen-year-old child left the house with one six-year-old child, without the defendant's permission. The second six-year-old child stayed home with the eleven-year-old child and the inebriated sixteen-year-old. The house was in a deplorable condition. A jury convicted the defendant of child neglect involving the six-year-old child who stayed home with the eleven-year-old. The defendant contended that the evidence was insufficient to establish that she left the child unattended for a period of time likely to endanger her health or welfare. We agreed, reasoning further that "[t]here was no showing that defendant's absence from the home created any greater risks than her presence." *Id.* at 9.