Argued and submitted March 22, 2013, affirmed February 4, petition for review allowed June 4, 2015 (357 Or 324)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARYN ALINE NASCIMENTO,
aka Caryn Aline Demars,
*Defendant-Appellant.*

Jefferson County Circuit Court
09FE0092; A147290

343 P3d 654

Daniel C. Bennett, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Douglas F. Zier, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.*

ARMSTRONG, P. J.

---

\* Egan, J., *vice* Wollheim, J.

**ARMSTRONG, P. J.**

Defendant, a store clerk, accessed a state lottery terminal to create Keno lottery tickets for herself without paying for them. Defendant was convicted of one count of aggravated first-degree theft and one count of computer crime. On appeal, defendant raises a single assignment of error to the trial court's denial of her motion for judgment of acquittal of the computer-crime count. Defendant argues that she did not access the lottery terminal "without authorization," as required by ORS 164.377(4), because, as part of her duties at the store, she was authorized by the store manager to access the machine to sell lottery tickets to paying customers. We conclude that, even under the construction of the statute proffered by defendant, there was sufficient evidence from which the jury could find that defendant accessed the lottery terminal without authorization. Accordingly, we affirm.

"Our standard for reviewing the denial of the motion for judgment of acquittal is whether, viewing the evidence in the light most favorable to the state, any rational trier of fact could have found that the essential elements of the crime had been proved beyond a reasonable doubt." *State v. Paragon*, 195 Or App 265, 267, 97 P3d 691 (2004). With that standard in mind, the facts are as follows. In October 2007, defendant was hired to work at the deli counter in a convenience store. The store had a touch-screen lottery terminal that produced draw-game tickets and was connected by phone line to the Oregon Lottery network. From the terminal, a clerk could print out a ticket for a selected game, and also could print ticket-sales reports. The store manager trained defendant on the use of the lottery terminal and authorized defendant to sell lottery tickets to, and validate tickets for customers, because deli clerks would assist at the counter when the counter employee was busy or on break, even though it was not their job. The general manager testified, however, that operating the lottery terminal and cash register was not part of defendant's job description as a deli clerk and that defendant did not have authorization to use the terminal. Store policy prohibited employees from purchasing lottery tickets or validating their own lottery tickets while on duty.

About a year after defendant was hired, the store manager fell a few months behind in reconciling daily lottery ticket sales with the store's cash receipts. In February 2009, she discovered shortfalls in cash receipts for lottery sales of Keno tickets between November 2008 and February 2009, which prompted the general manager to investigate his records and involve the police. The investigation uncovered that large shortfalls and high-dollar wagers on Keno occurred only during defendant's shifts. The store's surveillance video showed that, when no one was around, defendant would leave the deli counter and print out and pocket lottery tickets from the lottery terminal. One of the high-dollar winning tickets printed during defendant's shift was redeemed by her by mail, and others were redeemed by her at a local grocery store. As relevant to her appeal, defendant was charged with one count of computer crime under ORS 164.377(4),[1] which provides:

"Any person who knowingly and without authorization uses, accesses or attempts to access any computer, computer system, computer network, or any computer software, program, documentation or data contained in such computer,

---

[1] Computer crime is defined in ORS 164.377. Subsections (2) and (3) and provide:

"(2) Any person commits computer crime who knowingly accesses, attempts to access or uses, or attempts to use, any computer, computer system, computer network or any part thereof for the purpose of:

"(a) Devising or executing any scheme or artifice to defraud;

"(b) Obtaining money, property or services by means of false or fraudulent pretenses, representations or promises; or

"(c) Committing theft, including, but not limited to, theft of proprietary information.

"(3) Any person who knowingly and without authorization alters, damages or destroys any computer, computer system, computer network, or any computer software, program, documentation or data contained in such computer, computer system or computer network, commits computer crime."

The indictment caption provided that defendant was being charged under subsection (2) of ORS 164.377. However, the charging language encompassed the elements of a crime only as provided in subsection (4), which controls. *State v. Blair*, 147 Or App 90, 92 n 1, 935 P2d 1219, *rev den*, 326 Or 58 (1997); *see also State v. Kholstinin*, 240 Or App 696, 707, 249 P3d 133 (2011) (explaining that the defendant had not been charged under the concealment prong of the money-laundering statute, which the evidence may have been sufficient to prove, and reversing the defendant's conviction under the prong of the statute under which he was charged).

computer system or computer network, commits computer crime."

At the close of the state's case, defendant moved for a judgment of acquittal on the computer-crime count, arguing that her use of the lottery terminal was not "without authorization," because she had "implied if not direct authorization to use the machine * * *. And clearly [her] use of the lottery machine itself was with authorization." The trial court denied defendant's motion.

On appeal, defendant reprises her argument that she was "authorized," as that word is used ORS 164.377(4), "to use the lottery computer at [the store] because she was specifically given permission to do so by her direct supervisor, trained to do so by her supervisor, and expected to do so as part of her work duties." Defendant argues that the statute cannot be applied to her conduct because "ORS 164.377(4) does not criminalize committing theft on a computer which a person is otherwise authorized to access"; rather, defendant asserts that that act is criminalized only under ORS 164.377(2)(c), a crime for which defendant was not charged. Defendant argues that subsection (4) is expressly directed at unauthorized *use or access* of a computer, that is, the use of the device itself is unauthorized—it is not directed at taking unauthorized actions on a computer that the person otherwise has authorization to access.

The state does not deny that defendant had limited, implicit authorization from the store manager to access the lottery terminal to sell tickets to paying customers. However, the state responds that a jury could reasonably conclude that defendant's use of the lottery machine was "without authorization" because "she had no authorization to use the lottery computer to purchase a lottery ticket for herself during her work shift—much less to steal a lottery ticket by printing it and not paying for it." The state also points to the legislative history of ORS 164.377, which it argues demonstrates that the legislature intended to "criminalize instances where someone had authorization to use part of a computer system for some legitimate purpose but instead accessed other portions of the system." Citing Tape Recording, House Committee on Judiciary, Subcommittee 1,

HB 2795, May 6, 1985, Tape 576 (statement of Sterling Gibson, General Telephone Co.).

This case, as argued by defendant, boils down to whether ORS 164.377(4) encompasses conduct that (1) only involves a person accessing a device itself without authorization or (2) also encompasses using a device, which the person otherwise has authorization to physically access, in a manner contrary to company policy or against the employer's interests. Under the circumstances of this case, however, we need not resolve that issue. There is evidence in the record that defendant's store manager gave defendant limited authorization to *physically access* the lottery terminal to only sell tickets to, and validate tickets for, paying customers and only when the counter employee was not available to do so. This is not the case that defendant tries to make it out to be. This is not a case where defendant had general authorization to be on a computer to carry out her duties, but then used that computer in a manner that violated company policy—such as, to use defendant's example, by playing solitaire during work hours. For defendant's duties, the lottery terminal had but one function: to sell and validate lottery tickets. There was evidence from which the jury could conclude that she was authorized to access the physical device itself—the lottery terminal—only to serve paying customers. Thus, even taking defendant's construction of the statute, there was sufficient evidence in the record from which the jury could rationally conclude that defendant accessed the lottery terminal without authorization.

Affirmed.